C. Pearl PYLE, Plaintiff and Appellee,

v.

Alan EGEBERG and Earl Schwartz, Defendants and Appellants.

Civ. No. 10662.

Supreme Court of North Dakota.

Oct. 23, 1984.

Harris P. Kenner [argued], of Kenner, Halvorson & Sturdevant, Minot, for defendant and appellant Alan Egeberg; and John P. Brendel [argued], of Brendel Law Offices, Mohall, for defendant and appellant Earl Schwartz.

R. James Maxson [argued], of Farhart, Rasmuson, Lian & Maxson, Minot, for plaintiff and appellee.

GIERKE, Justice.

This is an appeal by the defendants, Alan Egeberg and Earl Schwartz, from the judgment of the District Court of Ward County granting to the plaintiff, C. Pearl Pyle, cancellation of a contract for deed between Pyle, vendor, and Egeberg, vendee, who later assigned to Schwartz. We affirm.

Plaintiff Pyle and Defendant Egeberg executed a written contract for deed on November 30, 1978, whereby Pyle agreed to sell and Egeberg agreed to buy, 320 acres of farmland for $140,000. The total price of $140,000 consisted of a $40,600 downpayment, an installment of $13,500 due on December 1, 1979, and further installments of $13,894.50, plus 7 percent interest on the unpaid principal balance, payable on December 1 each year thereafter through December 1, 1987. Real estate taxes for 1979 and subsequent years were to be paid by the purchaser, Egeberg.

Egeberg paid $40,600 down on the contract for deed, took possession of the land, and farmed it during 1979. Egeberg, by written agreement, assigned the contract to Schwartz on April 24, 1980.

Egeberg failed to make the $13,500 installment which became due on December 1, 1979. As a result, Pyle instructed her attorney, Glenn Dill of Kenmare, to prepare and serve a notice of cancellation on Egeberg, pursuant to Chapter 32–18 of the North Dakota Century Code. Egeberg then tendered a partial payment of $4,240.45 within the time specified in the notice and indicated that he would tender the balance later in the week. Schwartz was informed by Attorney Dill that Egeberg had made the $4,240.45 payment. Egeberg failed to pay the balance of the 1979 payment. As a result, Pyle brought suit on December 16, 1980, against Egeberg and Schwartz requesting cancellation of the contract. On approximately December 31, 1980, Schwartz paid the balance of the 1979 installment, which amounted to $10,471.72. He also tendered $14,026.96 in satisfaction of the 1980 installment. Pyle then dropped the suit against Egeberg and Schwartz. The real controversy on appeal

is a result of defendants' failure to meet the 1981 and 1982 payments as required under the contract.

Because the 1981 installment was not made as scheduled. Pyle instructed Dill to prepare a cancellation notice pursuant to Chapter 32–18, N.D.C.C. The Notice of Default and Cancellation of Land Contract, dated February 3, 1982, which was served on both Egeberg and Schwartz, reads, in pertinent part, as follows:

"You are hereby notified that a default has occurred in that certain contract for deed described as follows, to-wit:

Vendor:     C. Pearl Pyle
Vendee:     Alan J. Egeberg
Dated:      November 30, 1978
Premises:   SE¼ section 26 and NE ¼ of
            section  35–160–88,  Ward
            County, North Dakota

"That the default is the failure of the Vendee to pay a payment due on said contract due on December 1st, 1981.

"That said contract will be cancelled and terminated pursuant to Chapter 32–18 of the North Dakota Century Code on March 1st, 1983 unless aid [*sic*] default is cured on or before that date and the cost of this notice is paid."

In December of 1982 Schwartz visited Attorney Dill and asked him to compute the amount due on the contract. The computations were sent in the mail to Schwartz. Egeberg also visited Attorney Dill in January of 1983 on an unrelated matter and indicated that he would come in and settle the Pyle matter.

Egeberg and Schwartz also failed to make the 1982 installment. On January 4, 1983, Dill prepared another Notice of Default and Cancellation of Land Contract, which was served on both Egeberg and Schwartz, and which reads, in pertinent part:

"You are hereby notified that a default has occurred in that certain contract for deed described as follows, to-wit:

Vendor:     C. Pearl Pyle
Vendee:     Alan J. Egeberg
Dated:      November 30, 1978
Premises:   SE¼ section 26 and NE¼ of
            section  35–160–88,  Ward
            County, North Dakota

"That the default is the failure of the Vendee to pay a payment due on said contract due on December 1st, 1982.

"That said contract will be cancelled and terminated pursuant to Chapter 32–18 of the North Dakota Century Code on February 1st, 1984, unless said default is cured on or before that date and the cost of service of this notice is paid."

Egeberg and Schwartz met and discussed the significance of the February 3, 1982, notice and the January 4, 1983, notice. Egeberg and Schwartz argued to the court below that the last notice misled them into concluding that the time for curing the defaults of both 1981 and 1982 was extended to February 1, 1984. Defendants, therefore, made no further payment on the contract.

Pursuant to the notice of default dated February 3, 1982, in which plaintiff Pyle asserts she gave defendants until March 1, 1983, to cure default of the 1981 installment, Pyle brought suit for cancellation of the contract for deed. Egeberg and Schwartz appeal from the judgment of the District Court of Ward County dated February 2, 1984, which ordered cancellation of the contract. On appeal both Egeberg and Schwartz reassert their counterclaims against Pyle for the money they paid on the contract.

The issue for this court is whether or not the trial court erred in denying equitable relief to the defendants Egeberg and Schwartz.

Egeberg and Schwartz assert that they are entitled to equitable relief supported by the theories of waiver, equitable estoppel, and unjust enrichment.

■ There are basically two methods by which a contract for deed can be canceled: (1) statutory cancellation pursuant to Chapter 32–18, N.D.C.C.; and (2) court action. *Johnson v. Gray*, 265 N.W.2d 861, 862 (N.D.1978); *Rohrich v. Kaplan*, 248 N.W.2d 801, 806 (N.D.1977). *See* J. Leahy, *Cancellation of Land Contracts*, 32 N.Dak.L.Rev. 5 (1956). Pyle chose the first

method of statutory cancellation. Chapter 32–18, N.D.C.C., provides a strict procedure for termination of a contract for deed whereby the defaulting party is served with notice of default and the defaulting party has either six months or one year to cure the default, depending on the amount claimed due on the contract.

█ Defendants' contention is that the terms of the last notice of cancellation were misleading, and, as a result, Pyle has waived her right to cancel the contract for deed under Chapter 32–18. We have held that a vendor's conduct which is inconsistent with his intention to cancel constitutes a waiver of his right to cancel a contract for deed. *Sadler v. Ballantyne*, 268 N.W.2d 119, 124–125 (N.D.1978). We do not believe that Pyle's conduct in the instant case was in any manner inconsistent with her intention to cancel the contract.

When Egeberg and Schwartz failed to make the 1981 installment, Pyle had prepared and served a notice of default and cancellation which gave the defendants one year, or until March 1, 1983, to cure. As March 1, 1983, approached, Pyle had neither received the 1981 installment nor the 1982 installment which had also become due. To protect her interests in the contract, Pyle justifiably prepared a notice of default and cancellation which specifically referred to the defendants' failure to pay the 1982 installment.

The trial court in its findings of fact stated:

"XXIV.

"Each Notice clearly stated what payment was delinquent as well as the date of cancellation should the payment not be made. Each Notice is in compliance with Chapter 32–18 N.D.C.C."

The trial court found further that:

"XXV.

"The Court does not believe Defendant Egeberg's testimony when he states that he was misled.

"XXVI.

"Defendant Schwartz, as far as the record discloses, probably never read either the Contract for Deed nor the Notice of Cancellation relative to the December 1, 1982, payment. His position can be succinctly summarized by the fact that he claims to have been misled by a document which he has never read in reference to the cancellation of a Contract for Deed which he had probably also never read."

█ The standard for reviewing a trial court's finding of fact is that the finding will not be overturned on appeal unless it is clearly erroneous. *Byron v. Gerring Industries, Inc.*, 328 N.W.2d 819, 821 (N.D. 1982). A finding is clearly erroneous when the reviewing court "is left with a definite and firm conviction that a mistake has been made" [*Clark v. Clark*, 331 N.W.2d 277, 278 (N.D.1983)].

In the instant case, the trial court was presented with substantial evidence in support of its findings that neither Schwartz nor Egeberg were misled into believing that the deadline was extended to February 1, 1984. Therefore, the trial court's findings with respect to defendants' contention will not be overturned.

Defendants cite *Grow v. Marwick Development, Inc.*, 621 P.2d 1249 (Utah 1980), in support of their position that the last notice was misleading. In *Grow, supra*, four consecutive monthly payments on a contract for deed were missed. The seller sent two notices of default, a notice of forfeiture, and finally another notice of default. The final notice specifically set forth all of the payments which had been missed, the dates the payments had been due, the amount of each missed payment, and a total balance due. The Utah Supreme Court reversed the granting of summary judgment in favor of the seller. *Grow, supra* 621 P.2d at 1252. In the case at hand, each of the notices sent on behalf of Pyle expressly referred to one delinquent installment and a corresponding date of default for nonpayment of that installment. Furthermore,

the buyers in *Grow* tendered payment in full within the time allowed by the third notice of default. In this case, the trial court concluded that one effort was made to tender payment, and that was after suit was filed by Pyle. We therefore find the holding in *Grow* unpersuasive. We hold that Pyle did not waive her right to cancel the contract for deed.

■ Defendants' next contention is that Pyle is equitably estopped from cancelling the contract because her attorney, Mr. Dill, refused tender of the delinquent 1981 payment by Schwartz. Whether or not Schwartz tendered payment prior to suit is a fact which was disputed by Dill at trial. The trial court declined to make a finding on whether or not tender was offered prior to commencement of this action. The trial court did, however, make a finding that tender was made after the cancellation action was instituted by Pyle. After an examination of the evidence presented at trial, we conclude that the court's determination is tantamount to a finding that tender was not made prior to commencement of the suit by Pyle. The function of this court, again, is to set aside findings of the trial court which are clearly erroneous. *Byron, supra* 328 N.W.2d at 821. Based on the evidence elicited at trial, we are not convinced that a mistake has been made by the trial court. Therefore, the finding will not be set aside.

Egeberg and Schwartz also assert that the last notice of default and cancellation was ambiguous as a matter of law. Section 32–18–02, N.D.C.C., sets forth what items should be included in the contents of the notice:

"*Default—Contents of notice.* —Whenever any default shall have been made in the terms or conditions of any such instrument for future conveyance of real estate or equity therein, and the owner or vendor shall desire to cancel or terminate the same, he, within a reasonable time after such default, shall cause a written notice to be served upon the vendee or purchaser, or his assigns, *stating that such default occurred and that said contract will be canceled or terminated, and the time when said cancellation or termination shall take effect, which shall be as provided in section 32–18–04.*" [Emphasis added.]

■ Attorney Dill prepared the last two notices in compliance with § 32–18–02, N.D.C.C. In each notice he referred to a specific installment which had been missed and stated that the contract would be canceled if payment was not tendered within the one-year period provided for under § 32–18–04, N.D.C.C. We are in complete agreement with the trial court's conclusion that:

"The Notices sent on behalf of Plaintiff Pyle were clear, explicit, and in compliance with the statute."

■ We also find no merit in defendants' claim that Pyle has been unjustly enriched. On the contrary, it is Pyle who suffered as a result of executing this contract for deed with Egeberg. The defendants were late with every single payment with the exception of the downpayment. When Egeberg failed to make the first payment which was due in December of 1979, Pyle commenced an action for cancellation. Pyle dismissed the suit, however, notwithstanding the fact that Egeberg's subsequent payment was made outside of the statutory period prescribed for curing default. Pyle also gave the defendants the benefit of a seven percent interest rate at a time when the going rate was considerably higher. Furthermore, the defendants enjoyed the use of the land for a period of five years. Pyle also paid the 1981 and 1982 real estate taxes which were supposed to have been paid by either Egeberg or by Schwartz.

Finally, we find no authority in support of defendants' counterclaims against Pyle for a return of the amounts paid under the contract.

For the reasons stated in this opinion, we affirm the judgment of the trial court.

ERICKSTAD, C.J., PEDERSON and SAND, JJ., and MUGGLI, Surrogate Judge, concur.

MUGGLI, S.J., sitting in place of VANDE WALLE, J., disqualified.