**Arnold SCHMIDT, Personal Representative of the Estate of Odelia Schmidt, deceased, Plaintiff and Appellee,**

v.

**Gerald D. SCHMIDT, Defendant and Appellant,**

and

**Trudie Heaton, formerly Trudie Kay Schmidt, United States of America, acting through the Farmers Home Administration, and Dale E. Walsh, Personal Representative of the Estate of Robert D. Walsh, deceased, Defendants.**

**Civ. No. 950046.**

Supreme Court of North Dakota.

Nov. 30, 1995.

Thomas A. Wentz (argued), of Pringle &
Herigstad, PC, Minot, for plaintiff and appel-
lee.

Thomas M. Disselhorst (argued), Bis-
marck, and Ervin J. Lee (appearance), of
Lee & Temanson, Minot, for defendant and
appellant.

LEVINE, Justice.

Gerald Schmidt appeals from a district
court summary judgment canceling a con-
tract for deed. We affirm.

On August 21, 1978, Wilson and Odelia
Schmidt sold their family farm to their son,
Gerald, on a contract for deed. The pur-
chase price was $115,000, with a $20,000
downpayment and the $95,000 balance pay-
able in 40 annual installments at four percent
interest. According to a subsequent IRS
audit, the purchase price was a fraction of
the actual worth of the property.

Wilson Schmidt died in 1980. Odelia
Schmidt died in 1990. Because Gerald had
not made the annual payments for many
years, Odelia's estate brought this action in
district court to cancel the contract for deed.
Gerald asserted that he had made a $30,000
payment to Odelia that should have been
applied to the contract for deed; that Odelia
had given the farm to him in her will; and
that the action was barred by laches.

The district court determined that the is-
sues in the cancellation action were interre-
lated with the probate of Odelia's estate, and
that at least one issue was within the probate
court's exclusive jurisdiction. The district
court therefore ordered that the cancellation
action be held in abeyance until the probate
court decided whether Gerald received the
property under Odelia's will and the amount,
if any, Gerald owed to the estate.

Gerald's brother, Arnold Schmidt, in his
capacity as personal representative of Ode-
lia's estate, filed a petition in the probate
court seeking a determination of those issues,
as well as a final accounting and distribution.
The probate court determined that Odelia's
will did not devise the farm to Gerald. The
court also found that the remaining balance
on the contract for deed on March 16, 1990,
the date of Odelia's death, was $133,010.08,
with interest accruing after that date at
$10.38 per day. The probate court withheld
ruling on the final accounting because the
outcome of the cancellation action pending in
district court would possibly affect the value
of the estate and the distribution of estate
assets.

Gerald's motion to the probate court for a new trial under Rule 59, N.D.R.Civ.P., was denied. Gerald then appealed the probate court order to this court. When Gerald failed to file a brief after receiving three extensions of time, we dismissed the appeal on February 23, 1994.

The estate then moved for summary judgment in the cancellation action in district court, asserting that the probate court order resolved all material factual issues and was res judicata. Following a hearing, the district court granted the motion and judgment was entered canceling the contract for deed and ordering that the property be sold at a sheriff's sale. Gerald appealed.

Gerald asserts that the district court erred in relying upon the probate court order as res judicata on the issues decided therein. Gerald argues that, because there was no Rule 54(b), N.D.R.Civ.P., certification, the probate court order was not final and is still subject to appeal.

Rule 54(b), N.D.R.Civ.P., governs finality of judgments or orders when fewer than all claims of all parties are decided. Gerald asserts that the probate court order did not decide all claims of the parties, and therefore the order is not final and cannot be res judicata in the cancellation action.

Although Rule 54(b) applies to probate proceedings, we have consistently stressed the distinction between its application in unsupervised, as opposed to supervised, probates. *See In re Estate of Zimbleman*, 539 N.W.2d 67, 70 (N.D.1995); *Jarmin v. Shriners Hospitals for Crippled Children*, 450 N.W.2d 750, 751 n. 3 (N.D.1990); *In re Estate of Starcher*, 447 N.W.2d 293, 295–296 (N.D.1989); *In re Estate of Stuckle*, 427 N.W.2d 96, 102–103 (N.D.1988) (Meschke, J., concurring). This distinction arises from the nature of the two forms of probate proceedings. Supervised administration "is a single in rem proceeding to secure complete administration and settlement of a decedent's estate under the continuing authority of the court which extends until entry of an order approving distribution of the estate and discharging the personal representative, or other order terminating the proceeding." Section 30.1–16–01, N.D.C.C. [U.P.C. § 3–501].

By contrast, Section 30.1–12–07, N.D.C.C. [U.P.C. § 3–107], governs unsupervised probates:

*"Scope of proceedings—Proceedings independent—Exception.—* Unless supervised administration as described in chapter 30.1–16 is involved, each proceeding before the court is independent of any other proceeding involving the same estate; petitions for formal orders of the court may combine various requests for relief in a single proceeding if the orders sought may be finally granted without delay. Except as required for proceedings which are particularly described by other sections of chapters 30.1–12 through 30.1–23, no petition is defective because it fails to embrace all matters which might then be the subject of a final order; ..."

■ Because each proceeding in an unsupervised probate is considered independent of other proceedings involving the same estate, there need be finality only as to that proceeding, not the entire estate. Thus, in an unsupervised probate, an order settling all claims of one claimant is final, even if there are pending claims by other claimants. *See Zimbleman, supra;* Starcher, supra. *Similarly, we have held that an order removing a personal representative was independent from his separate proceeding regarding the final accounting, and that the order was therefore final and appealable without Rule 54(b) certification.* Jarmin, supra. *These cases have stressed the need for a "concluding order" on the matter before the court.* See Jarmin, supra; Stuckle, supra.

■ The probate court's order in this unsupervised probate was clearly intended to be a "concluding order" on the issues related to the contract for deed. The probate court specifically instructed that it would withhold ruling on the final accounting and distribution until the district court resolved the cancellation action. The probate court was surely aware that the district court could only proceed in reliance upon the probate court's order if that order were final.

Under the circumstances in this case, the final accounting and distribution were not related pending claims which would defeat

finality of the probate court's order resolving the contract for deed issues. In *Jarmin*, we indicated that a separate proceeding raising issues about the final accounting did not preclude finality of an order removing the personal representative. At least one other Uniform Probate Code state has held that an order in an unsupervised probate interpreting various provisions of a will was final even though the court expressly reserved the issue of final distribution. *See In re Estate of Boyer*, 117 N.M. 74, 868 P.2d 1299, 1302–1303 (Ct.App.1994).

Gerald also asserts that he had unresolved "claims" remaining in the probate court. However, Gerald fails to direct our attention to any evidence in this record demonstrating that he had filed *any* claim in his mother's estate. Language in our prior cases suggesting that an order "determining some, but not all, of one creditor's claims against an estate is not appealable without a Rule 54(b) certification" presupposes the actual filing of claims against the estate. *See Starcher, supra*, 447 N.W.2d at 296; *see also Zimbleman, supra*. As in *Starcher, supra*, 447 N.W.2d at 296, "[t]he record does not establish that, in this unsupervised administration, [Gerald] has any remaining claims against Odelia's estate."

We also note the practical problems presented if we accept Gerald's argument that the probate court order is not final and may still be appealed after all proceedings in the probate are concluded. As each trial court appropriately recognized, these interrelated actions presented the potential for circuitous, duplicative judicial proceedings. If the district court had proceeded with the cancellation action without deferring to the probate court on issues related to the will, its decision might have been mooted or otherwise affected by the probate proceedings. Similarly, if the probate court had gone ahead with a final accounting and distribution before the district court resolved the cancellation action, that accounting and distribution may have been significantly affected by the result of the cancellation action. We commend these trial judges for proceeding in an orderly and logical fashion when presented with this potential jurisdictional tangle.

We conclude that the probate court order was intended as a "concluding order" on all issues relating to the contract for deed. Our subsequent dismissal of Gerald's attempted appeal from that order for failure to file a brief rendered the order final and res judicata of all issues therein.

Gerald also asserts that the estate's action to cancel the contract for deed should be barred by laches, because Odelia did not make any demand upon Gerald for payment of the annual installments for more than ten years prior to her death. Gerald asserts that he was thereby misled into believing that no further payments were required.

 It is well settled that laches does not arise from a delay or lapse of time alone, but is a delay in enforcing one's rights which works a disadvantage to another. *Williams County Social Services Board v. Falcon*, 367 N.W.2d 170, 174 (N.D.1985); *Wehner v. Schroeder*, 354 N.W.2d 674, 676 (N.D.1984); *Burlington Northern, Inc. v. Hall*, 322 N.W.2d 233, 242 (N.D.1982); *Simons v. Tancre*, 321 N.W.2d 495, 500 (N.D.1982). Prejudice is an essential element of a claim of laches. *See, e.g., K.E.N. by Shasky v. R.C.*, 513 N.W.2d 892, 898 (N.D.1994); *Haugland v. City of Bismarck*, 429 N.W.2d 449, 451 (N.D.1988); *Falcon, supra*, 367 N.W.2d at 174. In addition to the time element, the party invoking laches must have in good faith permitted its position to become so changed during the delay that it could not be restored to the status quo. *See, e.g., Wehner, supra*, 354 N.W.2d at 676; *Burlington Northern, supra*, 322 N.W.2d at 242; *Simons, supra*, 321 N.W.2d at 500. Gerald, as the party invoking laches, had the burden of proving prejudice from changed conditions occurring during the delay. *Haugland, supra*, 429 N.W.2d at 451; *Falcon, supra*, 367 N.W.2d at 174; *Strom v. Giske*, 68 N.W.2d 838, 846 (N.D.1954).

 Gerald, in opposing the motion for summary judgment, failed to present any evidence of prejudice resulting from the delay in bringing the cancellation action. The only evidence relevant to laches is Gerald's assertions in affidavits that neither Odelia nor anyone else ever threatened to cancel the

contract for deed or requested that Gerald make payments on the contract or pay taxes on the land. Gerald presented no evidence that he changed his position during the delay in a manner that prejudiced him, or that he could not now be returned to his former position. In short, there is no evidence of prejudice. Rather, the record unequivocally shows that Gerald has had use and possession of the land for over fifteen years without making any payments on the contract for deed, and now seeks to further avoid his obligations on the contract because his mother failed to sue him earlier. Certainly the equitable doctrine of laches does not apply to bar relief in such a case without evidence of prejudice to Gerald.

■ In support of his assertion of laches, Gerald relied upon *Pyle v. Egeberg*, 356 N.W.2d 94 (N.D.1984), and *Sadler v. Ballantyne*, 268 N.W.2d 119 (N.D.1978). Those cases do not involve laches, but rather recognize that a seller may waive the right to cancel a contract for deed if the seller commits acts which are clearly inconsistent with an intent to cancel the contract. *See Pyle, supra*, 356 N.W.2d at 97; *Sadler, supra*, 268 N.W.2d at 124. Mere delay or lapse of time in commencing a cancellation action does not constitute conduct so inconsistent with the right of cancellation as to amount to waiver of the right.

We have considered the remaining issues raised by Gerald and they do not affect our decision. The judgment is affirmed.

VANDE WALLE, C.J., NEUMANN and SANDSTROM, JJ., and RALPH J. ERICKSTAD, Surrogate Judge, concur.

RALPH J. ERICKSTAD, Surrogate Judge, sitting in place of MESCHKE, J., disqualified.