SUPREME COURT OF ARIZONA
En Banc

| | | |
|---|---|---|
| IN THE MATTER OF THE ESTATE OF: | ) | Arizona Supreme Court |
| | ) | No. CV-10-0102-PR |
| ROSANNE L. McGATHY, | ) | |
| | ) | Court of Appeals |
| Deceased. | ) | Division One |
| | ) | No. 1 CA-CV 09-0022 |
| _____ | ) | |
| MARIANNE WALDOW, as Personal | ) | Maricopa County |
| Representative of THE ESTATE OF | ) | Superior Court |
| ROSANNE L. McGATHY, Deceased; | ) | No. PB2007-090525 |
| MARY McGATHY; DAVID RHODES, | ) | |
| WILLIAM RHODES; MICHAEL McGATHY; | ) | |
| ERIN McGATHY, | ) | |
| | ) | **O P I N I O N** |
| Appellees, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES M. LAPORTA, | ) | |
| | ) | |
| Appellant. | ) | |
| _____ | ) | |

Appeal from the Superior Court in Maricopa County
The Honorable Kirby D. Kongable, Commissioner

_____

Order of the Court of Appeals, Division One
Filed February 22, 2010

**VACATED AND REMANDED**
_____

BARRON AND POLK, PLLC                                    Phoenix
     By   Jay M. Polk

And

HAHN LAW OFFICE, PC                                     Sun City
     By   Bradley S. Hahn
Attorneys for Marianne Waldow

BECKER & HOUSE, PLLC                                    Scottsdale
     By   Mark E. House
Attorneys for Mary McGathy, David Rhodes,
William Rhodes, Michael McGathy, and Erin McGathy

LAW OFFICE OF BILL KING, P.C.                          Scottsdale
     By   William M. King
Attorney for James M. LaPorta
_____

**H U R W I T Z**, Vice Chief Justice

¶1      An appeal may be taken "[f]rom a judgment, decree or order entered in any formal proceedings under title 14." A.R.S. § 12-2101(J) (2003). The issue for decision is whether, in an unsupervised administration, an order requiring nonprobate transferees to pay a *pro rata* share of estate taxes is appealable under § 12-2101(J).

**I.**

¶2      In April 2008, Marianne Waldow, the personal representative of the estate of Rosanne L. McGathy, filed a petition in the superior court seeking instructions on whether estate taxes should be paid solely from the estate or whether nonprobate beneficiaries were required to contribute a *pro rata* share. The court entered an order requiring the nonprobate transferees to pay their share of the taxes. This order disposed entirely of the personal representative's petition. The order contained findings pursuant to Arizona Rule of Civil Procedure 54(b) and was entered as a final judgment. James M.

2

LaPorta, a nonprobate beneficiary, filed a timely notice of appeal.

¶3     The court of appeals dismissed the appeal *sua sponte* for lack of jurisdiction.  Citing *Ivancovich v. Meier*, 122 Ariz. 346, 595 P.2d 24 (1979), the court concluded that the tax payment order was not appealable under § 12-2101(J) and could be reviewed only in an appeal from a final decree distributing the estate.   After filing an unsuccessful joint motion for reconsideration, the personal representative and LaPorta filed a joint petition for review with this Court.

¶4     We granted review to resolve an issue of statewide importance about appellate jurisdiction over judgments entered in formal probate proceedings.   *See* ARCAP Rule 23(c)(3).   We have jurisdiction under Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24.

**II.**

**A.**

¶5     Before the adoption of the Uniform Probate Code ("UPC"), 1973 Ariz. Sess. Laws, ch. 75, § 1 (1st Reg. Sess.), Arizona law invariably "treated the handling of an estate as one continuous in rem proceeding."   1 State Bar of Arizona, 2000 Probate Code Practice Manual § 5.5.1 (4th ed. 2000) (hereinafter "Practice Manual").   In such a proceeding, the superior court assumed and maintained jurisdiction over a decedent's estate

3

"until the final decree, distribution, and discharge of the executor or administrator." *Id.* The UPC calls this in rem proceeding a "supervised administration." A.R.S. § 14-3501; *see* Unif. Prob. Code § 3-501 cmt. (describing supervised administration as an "optional procedure for settling an estate in one continuous proceeding in the Court"). An estate under supervised administration remains "under the continuing authority of the court . . . until entry of an order approving distribution of the estate and discharging the personal representative or other order terminating the proceeding." *Id.* The personal representative in a supervised administration has no power "to make any distribution of the estate without prior order of the court." A.R.S. § 14-3504.

¶6 The UPC also offers the option of an unsupervised administration. *See* A.R.S. § 14-3704. The "basic philosophy" of unsupervised administration is to minimize judicial involvement. Practice Manual § 5.5.2. In an unsupervised administration, the personal representative can distribute assets and close an estate informally and without court order. A.R.S. §§ 14-3704, 14-3933. The personal representative or other interested parties may petition the court for instructions or other determinations in a "formal proceeding" when necessary. *See, e.g.*, A.R.S. §§ 14-3401, 14-3414; Practice Manual § 5.5.2. Even if formal proceedings are instituted, the personal

4

representative may nonetheless close the estate without a final decree. A.R.S. § 14-3933.

## B.

¶7 The court of appeals concluded that *Ivancovich* deprived it of appellate jurisdiction. Although *Ivancovich* is strikingly similar in its facts to this case, it is distinguishable in a critical respect.

¶8 In *Ivancovich*, the decedent passed away in 1944; the superior court distributed his estate in 1947. 122 Ariz. at 348, 595 P.2d at 26. In 1967, the initial distribution was set aside. *Id.* An appeal in the late 1970's challenged a series of orders by the trial court, one of which apportioned state and federal tax payments between the residuary estate and the beneficiaries of a life insurance policy. *Id.* at 353, 595 P.2d at 31. Citing A.R.S. § 12-2101(J), we concluded that the trial court's order could only be reviewed "in an appeal from the final decree distributing the estate." *Id.*

¶9 In *Ivancovich*, the estate was under supervised administration. Administration of the estate began under Arizona's previous probate code, and after Arizona adopted the UPC, pending probate proceedings became "supervised administrations" by operation of law. 1973 Ariz. Sess. Laws, ch. 75, § 29(2) (1st Reg. Sess.) ("[A]ny proceedings relating to estates of decedents then pending shall become proceedings in

5

supervised administration, unless the decedent's will expressly provided otherwise.").

¶10 An estate under supervised administration remains under the supervision of the trial court until a final decree is entered. A.R.S. § 14-3501. Accordingly, all orders entered before the final decree are interlocutory. *Ivancovich* thus correctly found the tax apportionment order before it non-appealable.

### c.

¶11 In contrast to *Ivancovich*, the case before us involves an unsupervised administration. The issue is thus one we have not previously confronted: whether an order that terminates a formal probate proceeding in an unsupervised administration is appealable.

¶12 "In Arizona, with certain exceptions, jurisdiction of appeals is limited to final judgments which dispose of all claims and all parties" because "[p]ublic policy is against deciding cases piecemeal." *Musa v. Adrian*, 130 Ariz. 311, 312, 636 P.2d 89, 90 (1981) (citations omitted). Section 12-2101 provides for limited statutory exceptions to the general rule of finality. Before adoption of the UPC, subsection (J) defined appealable probate orders as those meeting one of the following criteria:

1. Granting or refusing to grant, revoking or refusing to revoke, letters testamentary, or of administration, or of guardianship.

2. Admitting or refusing to admit a will to probate, or against or in favor of the validity of a will, or revoking or refusing to revoke the probate thereof.

3. Against or in favor setting apart property, or making allowance for a widow or child.

4. Against or in favor of directing the partition, sale, or conveyance of real property, or settling an account of an executor, administrator, guardian, or trustee.

5. Refusing, allowing, or directing the distribution or partition of an estate, or any part thereof, or payment of a debt, claim, legacy, or distributive share.

6. Confirming or refusing to confirm a report of an appraiser or appraisers setting apart a homestead.

7. Determining heirship.

A.R.S. § 12-2101(J) (1970).

¶13 When the legislature adopted the UPC in 1973, it concurrently amended § 12-2101(J) to remove this list of interlocutory appealable orders and instead simply allowed for appeals from a "judgment, decree or order entered in any formal proceedings under title 14." 1973 Ariz. Sess. Laws, ch. 75, § 10, *codified at* A.R.S. § 12-2101(J) (2003). A formal probate proceeding is "conducted before a judge with notice to interested persons," A.R.S. § 14-1201(20), which commences with the filing of a petition in the superior court, Ariz. R. Prob. P. 4(A). Each formal proceeding is "independent of any other

7

proceeding involving the same estate." A.R.S. § 14-3107(1); *see also* Unif. Prob. Code § 3-107 cmt. ("[T]he scope of the [formal] proceeding if not otherwise prescribed by the Code is framed by the petition."); Ariz. R. Prob. P. 17 cmt. ("A petition . . . is the equivalent of a complaint in a civil action[.]"). There may be several formal proceedings concerning an estate in an unsupervised administration. Ariz. R. Prob. P. 2(O), (P) cmt. ("Each application or petition filed within a probate case gives rise to a separate probate proceeding.").

¶14 Accordingly, other UPC jurisdictions have concluded that in an unsupervised administration, an order terminating a formal proceeding is appealable. *See Scott v. Scott*, 136 P.3d 892, 899 (Colo. 2006) (distinguishing between supervised and unsupervised administrations, and holding that "when the probate court has entered orders fully determining the rights of the parties with respect to all claims raised in a [formal] proceeding, a final judgment exists"); *In re Estate of Newalla*, 837 P.2d 1373, 1376 (N.M. App. 1992) (noting the distinction between supervised and unsupervised administrations and holding that an order terminating a formal proceeding is appealable); *Schmidt v. Schmidt*, 540 N.W.2d 605, 607 (N.D. 1995) ("Because each proceeding in an unsupervised probate is considered independent of other proceedings involving the same estate, there need be finality only as to that proceeding, not the

8

entire estate."); *see also* Richard V. Wellman, *The New Uniform Probate Code*, 56 A.B.A. J. 636, 638 (July 1970) (written by the Chief Reporter of the UPC, and noting that formal proceedings are to be held before a "judge of a court having the power of a court of equity to enter a final order after notice and hearing on relevant questions").

¶15    We agree.  In an unsupervised administration, an order disposing of a formal proceeding may be the last one the court will enter; the estate will often thereafter be distributed without further court involvement.  It makes no sense to defer appellate review of an order terminating a formal proceeding until after a final decree that may never come.  Under such an approach, the parties would not "know with any degree of certainty at the time an order is entered whether the order is final and appealable, because one cannot predict whether further orders will be sought."  *Newalla*, 837 P.2d at 1376.  "Failure to allow an appeal from such an order could compel all subsequent proceedings . . . to go forward under a cloud of uncertainty." *Estate of Christensen v. Christensen*, 655 P.2d 646, 648 (Utah 1982).

¶16    Indeed, if, as the court of appeals held here, no one may appeal an order disposing of a formal proceeding in an unsupervised administration until an order formally terminating the estate is entered, the utility of unsupervised

9

administration would be severely undermined.  In order to seek appellate review of an order terminating a formal proceeding, a party would be required to obtain a final order distributing the estate.  This would mandate otherwise unnecessary further court involvement in the unsupervised administration.

## III.

¶17     For the reasons above, we hold that § 12-2101(J) permits appeal of the final disposition of each formal proceeding instituted in an unsupervised administration.[1]  In this case, there is no dispute that the superior court's order finally resolved the formal proceeding instituted by the personal representative.  The order is therefore appealable under § 12-2101(J).[2]  We vacate the decision order dismissing the

---

[1]     To avoid duplicative appeals, trial judges can consolidate pending formal proceedings when appropriate. *See* Ariz. R. Civ. P. 42(a); Ariz. R. Prob. P. 3(A) (providing that the Rules of Civil Procedure generally apply in probate cases); *Newalla*, 837 P.2d at 1377 ("When the subject matter of two petitions overlap, it would generally be appropriate to consider both petitions as belonging to the same proceeding." (citation omitted)).

[2]     In *In re Estate of Kerr*, the court of appeals stated that "to be appealable an order should at least be of the same general importance as those orders specified" in the pre-UPC version of § 12-2101(J).  137 Ariz. 25, 27-28, 667 P.2d 1351, 1353-54 (App. 1983) (citing State Bar of Arizona, Arizona Appellate Handbook § 3.2.1.1, 3-3, 3-4 (Supp. 1981)).  Under § 12-2101(J), however, any order finally disposing of a formal proceeding in an unsupervised administration is appealable. And, in supervised administrations, the final decree, or any interlocutory orders properly made final under Rule 54(b), are appealable under A.R.S. § 12-2101(B), which grants appellate

appeal and remand the case to the court of appeals for further proceedings.

_____
Andrew D. Hurwitz, Vice Chief Justice

CONCURRING:

_____
Rebecca White Berch, Chief Justice

_____
W. Scott Bales, Justice

_____
A. John Pelander, Justice

_____
jurisdiction over a "final judgment."   We therefore disapprove this statement in *Kerr*.

11