IN THE

# ARIZONA COURT OF APPEALS

### DIVISION TWO

---

IN RE THE GUARDIANSHIP AND CONSERVATORSHIP OF:
ROBERT SOMMER

No. 2 CA-CV 2016-0111-FC
Filed December 12, 2016

---

Appeal from the Superior Court in Pima County
No. GC20150525
The Honorable Charles V. Harrington, Judge

**MOTION TO DISMISS DENIED; REMANDED**

---

COUNSEL

Laber & Laber, PLC, Tucson
By Edward Harris Laber and Edward Jerome Laber
*Counsel for Appellant*

Phillips, Moeller & Conway, PLLC, Tucson
By Katrina M. Conway
*Counsel for Appellees*

---

**OPINION**

Presiding Judge Howard authored the opinion of the Court, in which
Judge Espinosa and Judge Vásquez concurred.

---

H O W A R D, Presiding Judge:

¶1        Robert Sommer appeals from the probate court's order finding that he was an incapacitated adult under articles 3 and 4 of title 14 of the Arizona Revised Statutes and appointing a guardian and a conservator.  The conservator, Ruth Considine, and the guardian, Martha Sommer, (appellees) have moved to dismiss the appeal arguing that this court lacks appellate jurisdiction because the order was not final.  We conclude the order is substantively appealable, but we do not have jurisdiction because the order lacks Rule 54(c), Ariz. R. Civ. P., language.  Accordingly, we deny the motion to dismiss, but remand and re-vest jurisdiction in the probate court to allow either party to request from the court, and the court to consider adding, language pursuant to Rule 54(c).

## Factual and Procedural Background

¶2        Sommer is an eighty-nine-year-old man who lived at home with a long-term care giver.  He experienced some medical problems in 2010 and executed a durable power of attorney to his daughter, Ruth.  After additional issues arose, Ruth, along with Sommer's other children, became concerned about their father's decision-making ability and level of cognitive function.  They petitioned the trial court to grant a conservatorship to Ruth and a guardianship to Sommer's other daughter, Martha.

¶3        The probate court conducted proceedings pursuant to title 14, chapter 5, and, on May 11, 2016, held a bench trial to determine the issue of incapacity and the propriety of granting the guardianship and conservatorship.  At the conclusion of the trial, the court found by clear and convincing evidence that Sommer was statutorily incapacitated and that the appointment of both a guardian and a conservator was necessary.  *See* A.R.S. § 14-5101(1).  The court appointed Ruth and Martha as conservator and guardian, respectively, and established an accounting schedule.

¶4        As part of the accounting process, the probate court ordered the conservator to file an annual accounting, a notice of hearing, and a petition for approval of accounting.  The court also required that the guardian annually file a report regarding Sommer's health and welfare and send a copy of the report to Sommer and "any

other interested person as required" on the report form. The court also set a compliance hearing for September 2016, during which the court would review the accounting and the report, but noted that no additional notice of the hearing would be given, and "[n]o one need appear at [the] hearing." Sommer timely appealed.

## Jurisdiction

**¶5**　　　　Appellees move to dismiss the appeal on the ground that we lack jurisdiction because the probate court's May 11 order 1) was not a final judgment, but instead an interlocutory order, not subject to appeal under A.R.S. § 12-2101(A)(9) and 2) was not certified under Rule 54. "We, in turn, have an independent duty to confirm our jurisdiction over the appeal before us." *Anderson v. Valley Union High Sch., Dist. No. 22*, 229 Ariz. 52, ¶ 2, 270 P.3d 879, 881 (App. 2012).

**¶6**　　　　This court "is a court of limited jurisdiction and has only jurisdiction specifically given to it by statute." *Campbell v. Arnold*, 121 Ariz. 370, 371, 590 P.2d 909, 910 (1979). Section 12-2101 "provides when an appeal may be taken." *Musa v. Adrian*, 130 Ariz. 311, 313, 636 P.2d 89, 91 (1981). Before the adoption of the Uniform Probate Code (the UPC), § 12-2101 explicitly allowed an appeal from several different probate orders, including the granting of a guardianship and a conservatorship.[1] 1973 Ariz. Sess. Laws, ch. 75, §§ 4, 10. After the adoption of the UPC, it was amended to remove any specific list and instead allows an appeal: "From a judgment, decree or order entered

---

[1] Before the 1973 amendment, the management of an incapacitated person's estate was termed an "administration." *See In re Estate and Guardianship of Vermeersch*, 15 Ariz. App. 315, 316, 488 P.2d 671, 672 (1971) ("A.R.S. § 14-815 provides as follows: 'All proceedings of guardians, and the administration of estates of minors and incompetent persons, shall be had in accordance with, and shall be governed by, the laws relating to estates of decedents, except as otherwise provided by law.'"); former A.R.S. § 14-815 (1955). Before 1973, § 12-2101(J) allowed an appeal from the grant or refusal to grant "letters . . . of administration, or of guardianship." 1973 Ariz. Sess. Laws, ch. 75, § 10.

in any formal proceedings under title 14." 1973 Ariz. Sess. Laws, ch. 75, § 10; *see also* § 12-2101(A)(9).[2]

**¶7**        Title 14, A.R.S. §§ 14-1101 to 14-1401, governs, inter alia, trusts, estates, and protective proceedings in Arizona. Title 14, chapter 5, articles 3 and 4 pertain to the appointment of a guardian or a conservator for an incapacitated adult. And § 14-1201(21), defines a formal proceeding as a "proceeding[] conducted before a judge with notice to interested persons." Thus, according to § 12-2101(A)(9), we have jurisdiction over a "judgment, decree or order" in a guardianship or conservatorship appointment matter, so long as that "judgment, decree or order" was entered by a judge after notice to interested persons.

**¶8**        The order challenged here was entered in a guardianship/conservatorship case after a proceeding conducted before a judge with notice to the parties. Therefore, it fits the statutory requirements.

**¶9**        Additionally, the grant of a guardianship and conservatorship has a profound impact on the rights of a ward. Once found incapacitated and placed under a guardianship and conservatorship, the ward loses, or may lose, many constitutionally protected rights; for example, the ward can be treated as a minor without the ability to make life decisions, including the decision to withhold life-saving treatment. A.R.S. §§ 14-5312(A), 14-5303(B). And the ward loses the right to substantially control his or her own finances, A.R.S. § 14-5424, the ability to operate a motor vehicle, A.R.S. § 14-5304.01, the right to serve on a jury, *see Anderson v. State*, 54 Ariz. 387, 395, 96 P.2d 281, 285 (1939), and the right to vote, *see* A.R.S. §§ 14-5304.02, among others, *see* §§ 14-5312, 14-5424.[3] If a ward were not allowed to appeal from the appointment of a guardian or conservator,

---

[2] We refer to the current numbering of § 12-2101 unless otherwise noted.

[3] We also note that in this case, the court ordered that Sommer "lacks the mental capacity to possess a firearm."

these restrictions could exist until death without any opportunity for an appeal.

¶10        Additionally, had the legislature intended to abrogate the right to appeal such a judicial determination when it amended § 12-2101 to remove the language pertaining to guardianship and conservatorship, *see* 1973 Ariz. Sess. Laws, ch. 75, § 10, it could have done so explicitly, *see Mathews ex rel. Mathews v. Life Care Ctrs. of Am., Inc.*, 217 Ariz. 606, ¶ 6, 177 P.3d 867, 869 (App. 2008) (plain language best indicator of legislative intent); *see also In re Estate of McGathy*, 226 Ariz. 277, ¶ 13, 246 P.3d 628, 630 (2010) ("When the legislature adopted the UPC in 1973, it concurrently amended § 12-2101(J) to remove this list of interlocutory appealable orders and instead simply allowed for appeals from a 'judgment, decree or order entered in any formal proceedings under title 14.'"); 1973 Ariz. Sess. Laws, ch. 75, § 10.  We therefore conclude that the legislature did not intend to disallow an immediate appeal from an order establishing a conservatorship or guardianship and appointing a guardian or conservator.

¶11        But appellees cite *Brumett v. MGA Home Healthcare, L.L.C.*, 240 Ariz. 421, 380 P.3d 659 (App. 2016), and two other cases interpreting § 12-2101(A)(9), to support their position that the May 11 order is not final, and consequently that we lack jurisdiction.  In *Brumett*, this court determined that orders are only appealable under § 12-2101(A)(9) "when they are in the form of a final judgment or decree or, for an unsupervised administration, an order terminating a formal proceeding."  240 Ariz. 421, ¶ 13, 380 P.3d at 667.  As such, we determined that such judgments, decrees, or orders must be certified pursuant to Rule 54(c) or Rule 54(b) in order to be appealable. *Id.*  In so deciding, we relied on two cases from our supreme court construing the language of § 12-2101(A)(9):  *Ivancovich v. Meier*, 122 Ariz. 346, 595 P.2d 24 (1979), and *McGathy*, 226 Ariz. 277, 246 P.3d 628. *Id.*

¶12        In *Ivancovich* our supreme court was considering a probate court order charging a decedent's residuary estate with a portion of taxes on a life insurance payment. 122 Ariz. at 353, 595 P.2d at 31.  The court concluded that "[a]n 'order' pursuant to [§ 12-

5

2101(A)(9)][4] means an order similar to a final judgment or decree entered in any formal proceedings under title 14." *Id.* The court distinguished these orders from non-appealable orders that deal with "a matter which may be properly disposed of in an appeal from the final decree" in a formal proceeding. *Id.* The court reasoned that such an order could be appealed "from the final decree distributing the estate" of the deceased. *Id.*

**¶13** In *McGathy*, our supreme court again dealt with a decedent's probate estate. 226 Ariz. 277, ¶ 2, 246 P.3d at 628-29. The court noted that § 12-2101(A)(9) allowed an appeal from "any order finally disposing of a formal proceeding in an unsupervised administration." *Id.* n.2. "And, in supervised administrations, the final decree, or any interlocutory orders properly made final under Rule 54(b), are appealable under A.R.S. § 12-2101(B), which grants appellate jurisdiction over a 'final judgment.'" *Id.*

**¶14** To explain this difference, the supreme court distinguished supervised and unsupervised administrations on the basis that "[a]n estate under supervised administration remains under the supervision of the trial court until a final decree is entered" whereas in an unsupervised administration "an order disposing of a formal proceeding may be the last one the court will enter; the estate will often thereafter be distributed without further court involvement." *Id.* ¶¶ 10, 15. Thus, the court ruled that a final decree was unnecessary to appeal an unsupervised administration. *Id.* ¶ 17.

**¶15** Appellees contend that an order establishing a conservatorship or guardianship and appointing a guardian or conservator is "never final," but instead "[a]n order issued to the guardian or conservator under Title 14 is only final when being terminated by the Court or the terms of the order itself." They argue that because "[a]ppointment orders are truly interlocutory orders

---

[4]The supreme court considered A.R.S. § 12-2101(J), which was redesignated as A.R.S. § 12-2101(A)(9) without substantive amendment. *See* 2011 Ariz. Sess. Laws, ch. 304, § 1. For ease of reference we refer hereinafter to the current subsection.

subject to further supervision and modification by the court" they are not separately appealable. They additionally argue, based on the cases cited above, that because this action "was not an unsupervised administration[,] . . . a final judgment or decree is required for jurisdiction." And thus, appellees conclude, this court lacks jurisdiction to hear Sommer's appeal.

¶16 But *Ivancovich* and *McGathy* both involve decedents' estates and therefore are distinguishable from a guardianship/conservatorship proceeding. A supervised administration, as discussed in those cases, is "a single in rem proceeding to secure complete administration and settlement of a *decedent's estate* under the continuing authority of the court which extends until entry of an order approving distribution of the estate and discharging the personal representative or other order terminating the proceeding." A.R.S. § 14-3501 (emphasis added). The terms "supervised administration" and "unsupervised administration" are not used in articles 3 and 4 of chapter 5 which govern guardianships and conservatorships. Therefore, these opinions are not directly applicable to this case.

¶17 Nevertheless, the reasoning of these cases supports our conclusion that we have jurisdiction here. Both cases extended jurisdiction to orders "similar" to a final judgment. *Ivancovich*, 122 Ariz. at 353, 595 P.2d at 31 ("An 'order' pursuant to [§ 12-2101(A)(9)] means an order *similar* to a final judgment or decree entered in any formal proceedings under title 14.") (emphasis added); *McGathy*, 226 Ariz. 277, ¶¶ 15-16, 246 P.3d at 631 (concluding appeal permitted in context of unsupervised administrations, without "order formally terminating the estate"). A final judgment must resolve "all claims as to all parties." *Brumett*, 240 Ariz. 421, ¶ 12, 380 P.3d at 667. But, "[b]ecause each proceeding in an unsupervised probate is considered independent of the other proceedings involving the same estate, there need be finality only as to that proceeding." *McGathy*, 226 Ariz. 277, ¶ 14, 246 P.3d at 631, *quoting Schmidt v. Schmidt*, 540 N.W.2d 605, 607 (N.D. 1995).

¶18 Thus, "when the probate court has entered orders fully determining the rights of the parties with respect to all claims raised

in a [formal] proceeding, a final judgment exists." *Id.*, *quoting Scott v. Scott*, 136 P.3d 892, 899 (Colo. 2006) (alteration in *McGathy*). The *McGathy* court explained that "an order disposing of a formal proceeding may be the last one the court will enter . . . . It makes no sense to defer appellate review of an order terminating a formal proceeding until after a final decree that may never come." *Id.* ¶ 15.

**¶19** Here, the order is similar to a final judgment because it adjudicates the rights of the parties with regard to the issues raised in the guardianship and conservatorship petition. It was entered in an independent formal proceeding and will be the last order issued with regard to those issues, i.e., whether Sommer presently is in need of a guardian and conservator. Under *Ivancovich* and *McGathy*, that order is appealable.

**¶20** Appellees contend, however, that the "administration is supervised" leaving "open many questions." In particular, they note that, under A.R.S. § 14-5304, the probate court "maintains an active role in the appointment and oversight of the guardian." This administration, they reason, defeats appealability. But the order appointing a guardian or conservator ends the formal proceeding initiated by the petition with notice to the parties and a new phase, the administration of the guardianship/conservatorship, begins. *See McGathy*, 226 Ariz. 277, ¶ 13, 246 P.3d at 630 (A petition in a probate proceeding is the equivalent of a complaint in a civil action, and each individual petition gives rise to "a separate probate proceeding."), *quoting* Ariz. R. Prob. P. 2(O) and (P) cmt.

**¶21** Furthermore, §§ 14-5303 and 14-5312 contain the procedures and limitations applying to a probate court's appointment and supervision of guardianship.[5] It is true that the probate court may substitute a guardian or conservator, accept the resignation of guardian or conservator, and determine the ward is no longer incapacitated, all under its own initiative, under A.R.S. §§ 14-5307,

---

[5]For the limited purpose of this appeal, the procedures for establishing guardianship do not differ significantly from those for conservatorship. *See* A.R.S. §§ 14-5404, 14-5417.

14-5415. But these sua sponte actions are still governed by Title 14. Section 14-5309, A.R.S., provides that notice to parties in guardianship proceedings requires that "[i]n a proceeding for the . . . substitution of a guardian of a ward or an alleged incapacitated person . . . notice of a hearing shall be given to" a number of statutorily designated interested persons. Section 14-5313, A.R.S., titled "Proceedings subsequent to appointment" states that the probate court that appoints a guardian retains jurisdiction over "resignation, substitution, accounting and other *proceedings* relating to the guardianship including *proceedings* to limit the authority previously conferred on a guardian or to remove limitations previously imposed." Thus, although the court may take actions pertaining to the guardianship and conservatorship on its own initiative, those actions constitute new formal proceedings with notice to interested persons. § 14-1201(21); *see also In re Farson's Estate*, 77 Ariz. 196, 200, 269 P.2d 600, 602 (1954) ("The removal of a guardian without written notice is proper where he has been in court and defended himself."). Furthermore, those statutes contemplate that many of these actions are also possible "[o]n petition of the ward or any person interested in the ward's welfare."[6] §§ 14-5307, 14-5415. Therefore such a petition, and the corresponding claims that arise, constitutes a new "formal proceeding," which logically implies a distinct separation from the previous formal proceeding. The substantial rights of the parties are completely determined at the time the probate court issues the initial order finding incapacity and appointing a guardian or conservator.

¶22 Although no Arizona cases have decided this issue, the Tenth Circuit Court of Appeals considered when guardianship and conservatorship proceedings were final under Colorado law,[7] finding

---

[6]We note that the conservatorship statutes refer to a "protected person" rather than a ward. *See*, *e.g.*, § 14-5415. We use the two terms interchangeably here.

[7]Both Colorado and Arizona based their probate codes on the Uniform Probate Code. *See In re Estate of Becker*, 32 P.3d 557, 563 (Colo. App. 2000); *McGathy*, 226 Ariz. 277, ¶ 5, 246 P.3d at 629. Further, the

that the appointment of a guardian "definitively decided" "the claims raised in [the] petition[]." *Mann v. Boatright*, 477 F.3d 1140, 1146 (10th Cir. 2007). The Tenth Circuit reasoned that once the conservatorship and guardianship had been established "there was nothing further for the probate court to do in order to completely determine the rights of the parties," and the order appointing a guardian and conservator and finding the ward incapacitated was a final order. *Id.*, *quoting Scott*, 136 P.3d at 898.

**¶23** We agree with the Tenth Circuit that even though the probate court may issue new orders in the guardianship/ conservatorship administration, that does not change the fact that the earlier formal proceeding resolved the matters currently at issue and the order was final. A verdict in a civil trial is clearly a final appealable order, even though the court may overturn that verdict on its own initiative and order a new trial. *See* Ariz. R. Civ. P. 59(g) (trial court may order a new trial on its own initiative "for any reason for which it might have granted a new trial on motion of a party").

**¶24** An order appointing a guardian or conservator can be analogized to an unsupervised administration of a decedent's estate in that, once a guardian or conservator has been appointed, the court has resolved all issues raised in the petition, has substantially determined the rights of the parties, and may not necessarily issue another order affecting those rights until the ward dies. *Cf.* § 14-3501 (supervised administration intended to continue until "administration and settlement of a decedent's estate" is "complete"). And in an unsupervised administration a party may appeal from any decision that disposes of a formal proceeding for precisely that reason. *McGathy*, 226 Ariz. 277, ¶¶ 15-17, 246 P.3d at 631. This rationale supports appealability.

**¶25** For all these reasons, we conclude an appeal may be taken from an order establishing a guardianship or conservatorship. But, because Rule 3(A), Ariz. R. Prob. P., incorporates the rules of civil

---

case that the Tenth Circuit court relied on is cited favorably in *McGathy*. 226 Ariz. 277, ¶ 14, 246 P.3d at 630.

procedure, such an order requires Rule 54(c) language to be appealable. *Brumett*, 240 Ariz. 421, ¶¶ 13, 34, n.4, 380 P.3d at 665 n.4, 667, 672. Rule 54(a), defines a judgment as including "a decree and an order from which an appeal lies." Such judgments cannot be considered final for the purposes of appeal unless they comply with Rule 54(c).

**¶26** In this case, because the probate court's order concluded a formal probate proceeding and is therefore substantively appealable under § 12-2101(A)(9), it constitutes a judgment under Rule 54(a). Thus, for the order to be procedurally appealable, the trial court must certify that "no further matters remain pending" with regard to the guardianship and conservatorship petitions. Ariz. R. Civ. P. 54(c). The court did not certify the order as such, and we therefore lack jurisdiction.

## Disposition

**¶27** Based on the foregoing, we deny the motion to dismiss and re-vest jurisdiction in the probate court for a period of thirty days to allow either party to request the court to enter an order that complies with Rule 54(c). *Brumett*, 240 Ariz. 421, ¶ 34, 380 P.3d at 672; *see* Ariz. R. Civ. App. P. 3(b).[8] If the court enters such an order, the clerk of the superior court shall forward it to this court under a supplemental certificate. In any event, we will reinstate the appeal at the end of the thirty-day period.

---

[8] Sommer additionally argues this court has jurisdiction pursuant to § 12-2101(A)(3), "From any order affecting a substantial right made in any action when the order in effect determines the action and prevents judgment from which an appeal might be taken." "The classic example . . . is a dismissal without prejudice after the statute of limitations has run." *See Garza v. Swift Transp. Co.*, 222 Ariz. 281, ¶¶ 14-16, 213 P.3d 1008, 1011 (2009). Because we conclude the guardianship/conservatorship order is appealable, this subsection does not apply.