NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

EDWARD J. STEWART

*Deceased*

In re: the Matter of the Estate of:

LYNDA F. STEWART

*Deceased*

MICHAEL E. STEWART, *Plaintiff/Appellant*,

*v.*

DAVID STEWART, *Defendant/Appellee*.

No. 1 CA-CV 19-0172
FILED 1-14-2020

Appeal from the Superior Court in Mohave County
No. S8015PB201800165
The Honorable Lee Frank Jantzen, Judge

**AFFIRMED**

COUNSEL

Michael E. Stewart, Sewell, New Jersey
*Plaintiff/Appellant*

David Stewart, Huntington Beach, California
*Defendant/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Kent E. Cattani and Chief Judge Peter B. Swann joined.

---

**C R U Z**, Judge:

**¶1** Michael E. Stewart ("Michael")[1] appeals from the superior court's decision denying his petition to probate the will of Lynda F. Stewart ("Lynda"). For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

**¶2** Lynda and her husband, Edward J. Stewart ("Edward"), executed a joint will in 1991. Lynda had three daughters by a prior marriage; Edward had two sons by a prior marriage: Michael and David Stewart ("David"). The joint will provided that if either spouse did not survive the other by six months, the deceased's estate would be distributed among the five children in equal shares. The joint will named Michael as the alternate personal representative in the event Edward predeceased Lynda.

**¶3** In 1994, Lynda and Edward executed a codicil that amended provisions in the joint will by removing Michael's name from the list of devisees. The codicil also replaced Michael as personal representative, naming David instead, if Edward predeceased Lynda.

**¶4** Edward died in November 2015; Lynda died in February 2016. At an evidentiary hearing in the probate proceedings in Edward's estate ("E.J.S. Proceedings"), the superior court found the codicil was valid and Michael had been removed as a beneficiary. Michael petitioned for formal probate of Lynda's estate in January 2018. There, the court declined to open probate, noting the codicil was deemed valid in proceedings

---

[1] Because this matter involves family members with the same surname, for clarity, we refer to each of them by their first names.

regarding Edward's estate and that, in any event, Michael had not provided proof of publication pursuant to statutory requirements.

¶5        Michael then initiated this litigation, filing a second petition for formal probate in Lynda's estate in August 2018. The court denied the petition because "the issues raised were litigated in both PB2018-00015 (*In the Matter of the Estate of Lynda F. Stewart – I*) and in PB2016-00047 (*In the Matter of the Estate of Edward J. Stewart*)." Michael appealed.

## DISCUSSION

¶6        Michael argues that the superior court erred in ruling that any findings in the E.J.S. Proceedings have a preclusive effect on his claims in the instant litigation. More specifically, Michael argues that the E.J.S. Proceedings litigated the validity of the codicil as to Edward's estate only and that the codicil must be validated as to Lynda's estate separately. We review the superior court's factual findings for clear error and its legal conclusions *de novo*. *In re Estate of Zaritsky*, 198 Ariz. 599, 601, ¶ 5 (App. 2000).

¶7        The validity of the codicil is distinct from the issue of whether the codicil was properly notarized; such formalities are not determinative of a will's validity. *See, e.g.*, *Matter of Estate of Muder*, 159 Ariz. 173, 175 (1988) (analyzing testamentary intent to determine whether will was valid); *Matter of Estate of Killen*, 188 Ariz. 562, 565 (App. 1996) (addressing testamentary capacity). Michael contests the codicil exclusively on the notarization formality; he does not challenge the codicil's validity on other grounds. David argues the rule of issue preclusion prevents Michael from relitigating the validity of the joint will's codicil.

¶8        "A formal testacy proceeding is litigation to determine whether a decedent left a valid will." Arizona Revised Statutes ("A.R.S.") section 14-3401(A). Issue preclusion applies when (1) the issue to be litigated was actually litigated in a prior suit, (2) resolution of the issue was essential to that decision, (3) a final judgment was entered, and (4) the party against whom issue preclusion is invoked had "a full and fair opportunity and motive to litigate the issue" and in fact litigated it. *See Campbell v. SZL Props., Ltd.*, 204 Ariz. 221, 223, ¶ 9 (App. 2003).

¶9        Michael does not dispute that he litigated the issue of the codicil's validity in a prior suit. In fact, in an evidentiary hearing for Michael's first petition for formal probate of Lynda's will, Michael claimed that the codicil was "erroneous, the [notary's] journal was erroneous." He cited a letter addressing the notary's failure to follow procedure and a

document he alleged undermined the validity of Lynda's identification on which the notary relied. In that first petition, the court, relying on the record in the E.J.S. Proceedings,[2] determined that Michael was barred from relitigating the notarization issue and thus dismissed his petition to probate Lynda's will:

> [A]ll of these arguments about [the codicil] wasn't signed by an appropriate person or that the notary was improper or it was not properly notarized, Judge Lambert [in the E.J.S. Proceedings] ruled specifically on those issues and on whether it was properly notarized, whether it was properly signed, and he found that it was a valid codicil.

¶10 Then, in a hearing on Michael's second petition for formal probate of Lynda's will (the instant action) Michael re-raised the issue of the codicil's notarization with a claim that he "had information . . . that did discredit the codicil" that he was unable to present in the E.J.S. Proceedings and that he wanted to open probate for Lynda's estate because "it was the only time I could address the issue or have anyone actually look at this thing." Despite telling the court that he was not contesting the validity of the codicil, Michael said, "Now that I have the new evidence, I'd like the codicil to be looked at and to be redone."

¶11 The court provided Michael an opportunity to describe the evidence he would present challenging the validity of the codicil; Michael cited the same evidence he offered in the evidentiary hearing for his first petition. The court found, as it did in dismissing Michael's first petition for formal probate of Lynda's will, that "[t]he codicil issue is closed. It is collateral estoppel when the previous judge in [the E.J.S. Proceedings] after having an evidentiary hearing, after taking evidence, after considering your motion for reconsideration ruled that the codicil was valid." The issue of the validity of the codicil was essential to the determination of Michael's

---

2      The codicil at issue included a notary acknowledgment pursuant to A.R.S. § 14-2504. In finding the codicil valid as to Edward's estate in the previous E.J.S. Proceedings, the court found the notary's testimony "compelling and credible." The court also found Michael had not provided evidence of "any fraud or any untoward acts or falsifications" to rebut the presumption of "compliance with signature requirements for execution" in a self-proved codicil pursuant to A.R.S. § 14-3406(B).

right to petition to probate Lynda's will because, if found valid, the codicil disinherited Michael.

**¶12** Final judgments were entered after Michael contested the validity of the codicil in the E.J.S. Proceedings and in Michael's first petition to probate Lynda's will. In an unsupervised administration of an estate, an order resolving a formal proceeding may be considered a final judgment, even if there is no final decree. *Cf. In re Estate of McGathy*, 226 Ariz. 277, 280, ¶¶ 15-17 (2010) (permitting appeal of "the final disposition of each formal proceeding instituted in an unsupervised administration"). The court in the E.J.S. Proceedings found that the codicil disinheriting Michael was valid. Michael had the right to appeal from that ruling, as it had the effect of a final judgment. He did not do so.

**¶13** Finally, a review of the record reveals that Michael had full opportunity to litigate the validity of the notarization of the codicil in the E.J.S. Proceedings and he did in fact litigate the issue. Michael appeared in the E.J.S. Proceedings, cross-examined the notary, and presented evidence to the court. Michael had an interest in the litigation involving interpretation of the codicil, as the codicil purported to disinherit him and remove him as appointed personal representative for Edward's estate. It is undisputed that Michael actually litigated the issue of the codicil's notarization in the E.J.S. Proceedings and in his first petition to probate Lynda's will.

## CONCLUSION

**¶14** Issue preclusion bars Michael's efforts to further litigate the validity of Lynda's joint will. The notarization issue was litigated in the E.J.S. Proceedings. The determination that Michael was disinherited by both Edward and Lynda was essential to the resolution of those proceedings, and Michael had a fair opportunity to litigate the notarization issue and had motive to do so. Accordingly, the elements of issue preclusion are met on the issue of the codicil's validity, and the court properly denied Michael's petition.

**¶15**         We affirm the superior court's order denying Michael's petition to probate Lynda's will.



AMY M. WOOD • Clerk of the Court
FILED:  AA