IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

BILLY BRUMETT, et al., *Plaintiffs/Appellees,*

*v.*

MGA HOME HEALTHCARE, L.L.C., et al., *Defendants/Appellants.*

No. 1 CA-CV 15-0047 (Consolidated)
FILED 7-28-16

---

Appeal from the Superior Court in Maricopa County
No.  CV2010-092697
The Honorable David M. Talamante, Judge

**STAY TERMINATED / APPEAL REINSTATED**

---

COUNSEL

Johnson & Gregory PLLC, Mesa
By W. Raymond Johnson, III, Robert M. Gregory, Tyler M. Sorensen
*Counsel for Plaintiffs/Appellees*

Broening Oberg Woods & Wilson PC, Phoenix
By James R. Broening, T. Scott King, Michelle L. Donovan, Kevin R. Myer
*Counsel for Defendants/Appellants*

---

RACHEL A. TURLEY, et al., *Plaintiffs/Appellees,*

*v.*

LEO R. BEUS, et al., *Defendants/Appellants.*

No. 1 CA-CV 15-0107 (Consolidated)

Appeal from the Superior Court in Maricopa County
No. CV2014-009811
The Honorable Katherine M. Cooper, Judge

**STAY TERMINATED / APPEAL REINSTATED**

COUNSEL

Bryan Cave LLP, Phoenix
By J. Alex Grimsley, Robert J. Miller, Sean K. McElenney
*Counsel for Plaintiffs/Appellees*

Osborn Maledon P.A., Phoenix
By David B. Rosenbaum, Nathan T. Arrowsmith
*Co-Counsel for Defendants/Appellants*

Moyes Sellers and Hendricks, LTD., Phoenix
By Keith L. Hendricks, Joshua T. Greer
*Co-Counsel for Defendants/Appellants*

PERRY BOSER, individually and on behalf of THERESA DANNIELLE
BOSER, deceased, and on behalf of all statutory beneficiaries,
*Plaintiff/Appellee,*

*v.*

JASON LEE WARE, *Defendant/Appellant.*

No. 1 CA-CV 15-0127 (Consolidated)

Appeal from the Superior Court in Maricopa County
No. CV2011-007329
The Honorable Randall H. Warner, Judge

**STAY TERMINATED / APPEAL REINSTATED**

COUNSEL

Goldberg & Osborne, Phoenix
By Allen D. Bucknell
*Counsel for Plaintiff/Appellee*

Jason Lee Ware, Tucson
*Defendant/Appellant*

———————————————

VANCE S. TAYLOR; CANDY R. OVERLEY, *Plaintiffs/Appellants,*

*v.*

BUCKS FINANCIAL, LLC, *Defendant/Appellee.*

No. 1 CA-CV 15-0249 (Consolidated)

———————————————

Appeal from the Superior Court in Maricopa County
No.  CV2015-051253
The Honorable Thomas L. LeClaire, Judge (Retired)

**STAY TERMINATED / APPEAL REINSTATED**
———————————————

COUNSEL

Vance Taylor and Candy Overley, Glendale, AZ
*Plaintiffs/Appellants*

Law Offices of Michelle Ghidotti, Anaheim Hills, CA
By Michelle R. Ghidotti Gonsalves
*Counsel for Defendant/Appellee*

———————————————

DOUBLE AA BUILDERS, LTD., an Arizona corporation,
*Plaintiff/Appellee,*

*v.*

PREFERRED CONTRACTORS INSURANCE COMPANY, LLC, a
Montana company, *Defendant/Appellant.*

No. 1 CA-CV 15-0375 (Consolidated)

_____

Appeal from the Superior Court in Maricopa County
No. CV2013-001403
The Honorable Lori Horn Bustamante, Judge

**STAY TERMINATED / APPEAL REINSTATED**
_____

COUNSEL

Holden Willits PLC, Phoenix
By Michael J. Holden, Barry A. Willits, R. Stewart Halstead, Nelson A. F. Mixon
*Counsel for Plaintiff/Appellee*

Broening Oberg Woods & Wilson, PC, Phoenix
By Robert T. Sullivan, Alicyn M. Freeman, Kevin R. Myer
*Counsel for Defendant/Appellant*

_____

DAVID ROMERO, *Plaintiff/Appellant,*

*v.*

KHALID S. HASAN, et al., *Defendants/Appellees.*

No. 1 CA-CV 15-0508 (Consolidated)

_____

Appeal from the Superior Court in Maricopa County
No. CV2014-095832
The Honorable Mark F. Aceto, Judge (Retired)

**STAY TERMINATED / APPEAL REINSTATED**
_____

COUNSEL

David Romero, Queen Creek
*Plaintiff/Appellant*

Holden & Armer P.C., Phoenix
By Scott A. Holden, Carolyn (DeeDee) Armer Holden
*Counsel for Defendants/Appellees*

———————————————

RIVERBEND HOMEOWNERS ASSOCIATION, an Arizona non-profit corporation, *Plaintiff/Appellant,*

*v.*

FELICIA EDWARDS, *Defendant/Appellee.*

———————————————

BANNER HEALTH SYSTEMS, *Garnishee/Appellee.*

No. 1 CA-CV 15-0513 (Consolidated)

———————————————

Appeal from the Superior Court in Maricopa County
No. TJ2012-002192
The Honorable Michael L. Barth, Judge *Pro Tempore*

**STAY TERMINATED / APPEAL REINSTATED**

———————————————

COUNSEL

Vial Fotheringham, LLP, Tempe
By Quinten T. Cupps
*Counsel for Plaintiff/Appellant*

———————————————

ISAAC BONELLI, *Plaintiff/Appellant,*

*v.*

CAROL OLSON, *Defendant/Appellee.*

No. 1 CA-CV 15-0624 (Consolidated)

———————————————

5

Appeal from the Superior Court in Maricopa County
No.  CV2014-005909
The Honorable Patricia Starr, Judge

**STAY TERMINATED / APPEAL DISMISSED**

COUNSEL

Isaac Bonelli, Phoenix
*Plaintiff/Appellant*

ROBERT ANGELO, et al., *Plaintiffs/Appellants,*

*v.*

STEWART TITLE & TRUST OF PHOENIX, INC., *Defendant/Appellee.*

No. 1 CA-CV 15-0689 (Consolidated)

Appeal from the Superior Court in Yavapai County
No.  V1300CV201380021
The Honorable David L. Mackey, Judge

**STAY TERMINATED / APPEAL REINSTATED**

COUNSEL

Carpenter Hazlewood Delgado & Bolen PLC, Tempe
By Mark A. Holmgren, Armistead W. Gilliam
*Counsel for Plaintiffs/Appellants*

Burch & Cracchiolo PA, Phoenix
By Jake D. Curtis, Edwin D. Fleming
*Co-Counsel for Defendant/Appellee*

Sidley Austin LLP, Chicago, IL
By Gerard D. Kelly, Kevin M. Fee, Daniel C. Craig
*Co-Counsel for Defendant/Appellee*

---

In the Matter of the Estate of:

MICHELE E. DAVIS, *Deceased.*

---

STEVE ERLICK, as Personal Representative of the ESTATE OF MICHELE
E. DAVIS, *Petitioner/Appellee,*

*v.*

JOHN DAVIS, *Respondent/Appellant.*

No. 1 CA-CV 15-0728 (Consolidated)

---

Appeal from the Superior Court in Maricopa County
No.  PB2015-001198
The Honorable Kerstin G. LeMaire, Judge

**STAY CONTINUED / JURISDICTION REVESTED**

---

COUNSEL

Kile & Kupiszewski Law Firm LLC, Scottsdale
By Stephen J.P. Kupiszewski, Christina M. Stoneking, Jennifer L. Kupiszewski
    Emily B. Kile
*Counsel for Petitioner/Appellee*

John Davis, Phoenix
*Respondent/Appellant*

---

AEA FEDERAL CREDIT UNION, *Plaintiff/Appellee,*

*v.*

YUMA FUNDING, INC., an Arizona corporation, *Defendant/Appellant.*

No. 1 CA-CV 15-0753 (Consolidated)

_____

Appeal from the Superior Court in Yuma County
No. S1400CV201000062
The Honorable John P. Plante, Judge

**STAY TERMINATED / APPEAL REINSTATED**

_____

COUNSEL

Law Office of Larry W. Suciu, Yuma
By Barry L. Olsen
*Counsel for Plaintiff/Appellee*

Schneider & Onofry PC, Yuma
By Jason M. Kelly
*Counsel for Defendant/Appellant*

_____

ABC SAND AND ROCK COMPANY, INC., *Plaintiff/Appellant,*

*v.*

FLOOD CONTROL DISTRICT OF MARICOPA COUNTY,
*Defendant/Appellee.*

No. 1 CA-CV 16-0294 (Consolidated)

_____

Appeal from the Superior Court in Maricopa County
No. LC2015-000096-001
The Honorable Crane McClennen, Judge

8

**STAY CONTINUED / JURISDICTION REVESTED**

---
COUNSEL

Osborn Maledon PA, Phoenix
By Colin F. Campbell, Meghan Grabel, Jana Lynn Sutton
*Counsel for Plaintiff/Appellant*

Hinshaw & Culbertson LLP, Phoenix
By Stephen W. Tully, Bradley L. Dunn
*Counsel for Defendant/Appellee*

---

**OPINION**

Vice Chief Judge Samuel A. Thumma delivered the opinion of the Court, in which Presiding Judge Kent E. Cattani and Judge Randall M. Howe joined.

---

**T H U M M A**, Judge:

**¶1**　　　　By statute, an appeal may be taken from "a final judgment entered in an action." A.R.S. § 12-2101(A)(1) (2016).[1] Consistent with this directive, the Arizona Rules of Civil Procedure describe two types of "final judgments:" (1) a "final judgment as to one or more but fewer than all of the claims or parties," Ariz. R. Civ. P. 54(b), and (2) a final judgment on "all claims and parties," Ariz. R. Civ. P. 54(c). The former is appealable "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Ariz. R. Civ. P. 54(b). The latter is appealable when "the court states that no further matters remain pending and that the judgment is entered pursuant to Rule 54(c)." Ariz. R. Civ. P. 54(c); *see also Madrid v. Avalon Care Ctr.-Chandler, L.L.C.*, 236 Ariz. 221, 223-24 ¶ 5 (App. 2014) (requiring Ariz. R. Civ. P. 54(c) statement

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated. Although the subsections of A.R.S. § 12-2101 were renumbered effective July 20, 2011, 2011 Ariz. Sess. Laws ch. 304 § 1, as applicable here, the changes were not substantive and this opinion references the current version of the statute unless otherwise noted.

as a jurisdictional prerequisite for an appeal from a final judgment taken under A.R.S. § 12-2101(A)(1)).[2]

¶2  Other statutes, however, authorize appeals of various rulings that are not "final judgments" under A.R.S. § 12-2101(A)(1). The appeals consolidated here involve claims of appellate jurisdiction other than A.R.S. § 12-2101(A)(1), either under a different subsection of A.R.S. § 12-2101(A) or a different statute. *See, e.g.,* A.R.S. § 12-913 (addressing appellate jurisdiction over "[t]he final decision, order, judgment or decree of the superior court entered in an action to review a decision of an administrative agency"); A.R.S. § 12-1873(A) (addressing appellate jurisdiction over "certification or refusal to certify a class action"); A.R.S. § 12-2101.01 (addressing appellate jurisdiction over orders, judgments and decrees regarding arbitration). The issue is whether such rulings may be appealed to this court even though they are not "final judgments" and are not entered under Rule 54(b) or 54(c).

¶3  Although Rule 54(b) has been in place for decades, Rule 54(c) was added effective January 1, 2014. Because no opinion discusses whether a Rule 54(c) declaration is necessary when a statute other than A.R.S. § 12-2101(A)(1) provides the basis for appellate jurisdiction, these appeals have been consolidated sua sponte for the limited purpose of addressing whether this court has appellate jurisdiction in these appeals. *See Sorensen v. Farmers Ins. Co. of Ariz.,* 191 Ariz. 464, 465 (App. 1997) (noting appellate court has an independent duty to examine whether it has appellate jurisdiction over putative appeals).[3]

---

[2] Although not the subject of this opinion, whether a ruling is a final judgment is significant apart from appellate jurisdiction, including for enforcement and preclusion purposes. *See, e.g., Dressler v. Morrison*, 212 Ariz. 279, 282 ¶ 15 (2006); Ariz. R. Civ. P. 69.

[3] This opinion does not address special action jurisdiction, which is independent of appellate jurisdiction. *See* A.R.S. 12-120.21(A)(4) (granting this court "[j]urisdiction to hear and determine petitions for special actions brought pursuant to the rules of procedure for special actions, without regard to its appellate jurisdiction"); Ariz. R.P. Spec. Act. 1(a) ("Except as authorized by statute, the special action shall not be available where there is an equally plain, speedy, and adequate remedy by appeal . . . .").

## DISCUSSION

### I.  Appellate Jurisdiction And Ariz. R. Civ. P. 54(b) And 54(c).

¶4          This court's appellate jurisdiction is defined, and limited, by the Legislature. *See, e.g.*, Ariz. Const. art. 6 § 9 ("The jurisdiction, powers, duties and composition of any intermediate appellate court shall be as provided by law."); *Garza v. Swift Transp. Co., Inc.*, 222 Ariz. 281, 283 ¶ 12 (2009) (stating this court "derives . . . appellate jurisdiction wholly from statutory provisions") (citation omitted). Under A.R.S. § 12-2101(A)(1), the Legislature has directed that a "final judgment" is appealable. Given this directive, Arizona courts repeatedly have found that a judgment must be final before it can be appealed pursuant to A.R.S. § 12-2101(A)(1). *See, e.g., Bollermann v. Nowlis*, 234 Ariz. 340, 341 ¶ 6 (2014); *Musa v. Adrian*, 130 Ariz. 311, 312 (1981); *In re Marriage of Johnson & Gravino*, 231 Ariz. 228, 230 ¶ 5 (App. 2012). The Arizona Supreme Court has promulgated two procedural rules to define what constitutes an appealable "final judgment."

¶5          Rule 54(b) provides that a superior court may "direct the entry of final judgment as to one or more but fewer than all of the claims or parties" in a case "upon an express determination that there is no just reason for delay and upon an express direction for the entry of [a final] judgment." Promulgated in 1961, Rule 54(b) affords a superior court discretion to determine whether a ruling that resolves less than all claims as to all parties should be deemed a "final judgment," and therefore appealable. *S. California Edison Co. v. Peabody W. Coal Co.*, 194 Ariz. 47, 53 ¶ 19 (1999); Ariz. R. Civ. P. 54(b) State Bar Committee Notes 1961 Amendment.

¶6          Rule 54(c) provides that "[a] judgment shall not be final unless the court states that no further matters remain pending and that the judgment is entered pursuant to Rule 54(c)." Promulgated effective January 1, 2014, Rule 54(c) is designed to make clear "whether an order of a Superior Court is, or is intended to be, a final, appealable 'judgment'" and to facilitate "determining the extent to which a putative judgment resolves a case as to all claims and all parties." *Madrid*, 236 Ariz. at 223 ¶ 4. The inclusion of Rule 54(c) language does not render an otherwise non-appealable order or judgment appealable as a final judgment. *See id.* at 224 ¶ 6 ("A statement that a judgment is final pursuant to Rule 54(c) when, in fact, claims remain pending does not make a judgment final and appealable."). However, Rule 54(c) language is required when a judgment resolves all claims against all

parties and appellate jurisdiction is premised on A.R.S. § 12-2101(A)(1). *See id.* at 223 n.3 ¶¶ 3, 5.[4]

**¶7**        The question presented in these appeals is whether language contemplated by Rules 54(b) or 54(c) is required for a ruling to be appealable other than as a "final judgment" under A.R.S. § 12-2101(A)(1).

**¶8**        The Arizona Rules of Civil Procedure define "judgment" broadly to include "an order from which an appeal lies." Ariz. R. Civ. P. 54(a); *accord* Ariz. R. Civ. App. P. (ARCAP) 2 ("'Judgment' is an appealable order. A judgment may be identified as a 'judgment,' or it may be identified as an 'order,' a 'decree,' or by another term."). Accordingly, the finality requirement of Rules 54(b) and 54(c) could be read to apply broadly to all appealable orders. However, subsections of A.R.S. § 12-2101 other than (A)(1) contain express exceptions to the principle that a judgment must be final for appellate jurisdiction to exist. *See Bilke v. State*, 206 Ariz. 462, 466 ¶ 18 (2003) (noting statutory predecessor to A.R.S. § 12-2101(A)(6) provides for appellate jurisdiction over non-final judgment); *Pulaski v. Perkins*, 127 Ariz. 216, 218 n.3 (App. 1980) ("Certain kinds of decisions of the superior court are appealable without a 54(b) determination even though they are not final judgments . . . . These are specific types of decisions listed in subsections of A.R.S. § 12-2101 and elsewhere authorizing the appeal of a particular kind of decision."); *Bulova Watch Co. v. Super City Dep't Stores*, 4 Ariz. App. 553, 555 (1967) (construing statutory predecessor to A.R.S. § 12-2101(A)(5)(b), stating "[a]n appeal may be taken from an order granting or refusing to grant an injunction at any stage of the case in which application for the injunction is made. We, therefore, reject the defendants' claim that this order is nonappealable.") (citing cases). Moreover, nothing in the text or history of Rule 54(b) or 54(c) suggests that either rule was designed to

---

[4] Although their primary focus is civil cases, Rules 54(b) and 54(c) are applicable in other types of cases as well. Arizona Probate and Tax Court rules incorporate the Arizona Rules of Civil Procedure, meaning Rules 54(b) and 54(c) apply in those proceedings. *See* Ariz. R. Probate P. 3(A); Ariz. Tax Ct. R.P. 2. Because the Arizona Rules of Family Law Procedure do not fully incorporate the Arizona Rules of Civil Procedure, *see* Ariz. R. Fam. Law P. 2(A), Rule 54(c) does not apply in family court proceedings or order of protection proceedings related to family court proceedings, *see* Ariz. R. Protect. Ord. P. 2. The Arizona Rules of Family Law Procedure do, however, have an analogue to Rule 54(b). *See* Ariz. R. Fam. Law P. 78(B).

apply to all appealable rulings. *See also Seisinger v. Siebel*, 220 Ariz. 85, 92 ¶ 26 (2009) (noting court-promulgated rule cannot limit a substantive statute).

¶9          The Legislature "has made it clear that most interlocutory orders . . . are not appealable." 1A ARIZONA APPELLATE HANDBOOK § 3.3.1.1. at 3-7 (6th ed. 2015). By statute, however, the Legislature has authorized appeals from various types of rulings that fall short of being a "final judgment." *See, e.g.,* A.R.S. §§ 12-1873(A); 12-2101(A)(2), (3)-(8), (10), (11); A.R.S. § 12-2101.01(A). Nothing suggests the Legislature contemplated having these appeal rights subject to a certification under Rule 54(b) or 54(c). This is particularly true given that the statutory predecessor to A.R.S. § 12-2101, which authorized appeals from many of these same types of orders and interlocutory judgments, was enacted in 1913, more than 50 years before the Arizona Rules of Civil Procedure became effective. *See* 1913 Ariz. Civ. Code § 1227; Ariz. R. Civ. P. 86 (noting Arizona Rules of Civil Procedure became effective January 1, 1956).

¶10          These statutes do not suggest that the ability to appeal from these various orders and interlocutory judgments should turn on whether a superior court, in its discretion, made such rulings appealable under Rule 54(b). *See S. California Edison Co.*, 194 Ariz. at 53 ¶ 19 (noting "a trial judge has discretion to decide whether an order or judgment should be accorded finality" under Rule 54(b)). And applying Rule 54(c) to such orders and interlocutory judgments would, contrary to the statutory language, preclude the ability to appeal many such rulings because it would be impossible for a superior court to state that no further matters remain pending. For example, an order granting or denying a preliminary injunction will rarely (if ever) resolve all claims against all parties, but is nevertheless appealable by statute. *See* A.R.S. § 12-2101(A)(5)(b)("An appeal may be taken to the court of appeals from the superior court . . . [f]rom an order . . . [g]ranting or dissolving an injunction, or refusing to grant or dissolve an injunction"). Similarly, an order denying a motion to compel arbitration, or granting a motion to stay arbitration, does not resolve all claims against all parties, but is nevertheless appealable by statute. *See* A.R.S. §§ 12-2101.01(A)(1), (2).

¶11          For these reasons, although applicable to rulings appealed as "final judgments" under A.R.S. § 12-2101(A)(1), neither Rule 54(b) nor Rule 54(c) apply to rulings that are not "final judgments" but are independently appealable by statute. This opinion addresses which of the various types of

orders challenged in these consolidated appeals are appealable absent compliance with Rule 54(b) or 54(c).[5]

## II. Appellate Jurisdiction Under A.R.S. § 12-2101(A).

### A. Appeal From A Final Judgment Under A.R.S. § 12-2101(A)(1).

**¶12** As discussed above, "[a]n appeal may be taken to the court of appeals from the superior court . . . [f]rom a final judgment entered in an action or special proceeding commenced in a superior court, or brought into a superior court from any other court," except for a forcible entry and detainer action in which the annual rent is less than $300. A.R.S. § 12-2101(A)(1). This is the classic situation where, to be appealable as a "final judgment," all claims as to all parties must be resolved and the court must include the Rule 54(c) statement. *See* Ariz. R. Civ. P. 54(c); *Madrid*, 236 Ariz. at 223 n.3 ¶¶ 3, 5; *Davis*, 168 Ariz. at 304. Alternatively, if the ruling resolves fewer than all claims as to all parties, it may be appealed as a "final judgment" if the superior court exercises its discretion and certifies, pursuant to Rule 54(b), that there is no just reason for delay. Ariz. R. Civ. P. 54(b); *Madrid*, 236 Ariz. at 224 ¶ 8. Absent compliance with Rule 54(b) or 54(c), however, a superior court's ruling is not appealable as a "final judgment" under A.R.S. § 12-2101(A)(1).

### B. Appeal From A Probate Judgment, Decree Or Order Entered In Formal Title 14 Proceedings Under A.R.S. § 12-2101(A)(9).

**¶13** An appeal may be taken to this court "[f]rom a judgment, decree or order entered [by the superior court] in any formal proceedings under title 14," Arizona's Probate Code. A.R.S. § 12-2101(A)(9). Rulings in such Title 14 matters are only appealable when they are in the form of a final judgment or decree or, for an unsupervised administration, an order terminating a formal proceeding. *See In re Estate of McGathy*, 226 Ariz. 277, 279-80 ¶¶ 14-15 (2010); *Ivancovich v. Meier*, 122 Ariz. 346, 353 (1979).

---

[5] Although addressing the rulings implicated in this consolidated appeal, this opinion should not be read to suggest that these are the only types of rulings that are appealable to this court absent compliance with Rule 54(b) or 54(c). *See* 1A ARIZONA APPELLATE HANDBOOK § 3.3.1.12.1 at 3-25 to -28 (6th ed. 2015) (discussing other miscellaneous appealable orders). Similarly, although a particular ruling may be appealable based on more than one statutory basis, only one statutory basis is required for appellate jurisdiction to exist.

Moreover, the Arizona Rules of Probate Procedure state that, "[u]nless otherwise provided in these rules or inconsistent with these rules, the Arizona Rules of Civil Procedure apply to probate proceedings." Ariz. R. Probate P. 3(A); *see also id*. cmt. ("[T]he Arizona Rules of Civil Procedure apply to probate proceedings unless they are inconsistent with the Arizona Rules of Probate Procedure."); *accord* A.R.S. § 14-1304 ("Unless specifically provided to the contrary in this title or unless inconsistent with its provisions, the rules of civil procedure including the rules concerning vacation of orders and appellate review govern formal proceedings under this title."). Accordingly, absent compliance with Rule 54(b) or 54(c), a judgment, decree or order entered in a formal Title 14 proceeding is not appealable under A.R.S. § 12-2101(A)(9).

### C. Appeal From A Special Order Made After Final Judgment Under A.R.S. § 12-2101(A)(2).

¶14 An appeal may be taken to this court "[f]rom any special order made after final judgment." A.R.S. § 12-2101(A)(2). Such post-judgment special orders may include a ruling on a motion to set aside a final judgment pursuant to Ariz. R. Civ. P. 60(c), s*ee M & M Auto Storage Pool, Inc. v. Chem. Waste Mgmt., Inc.*, 164 Ariz. 139, 141 (App. 1990), a ruling on a motion to set aside a final default judgment, *see Bateman v. McDonald*, 94 Ariz. 327, 329 (1963), and other post-judgment rulings relating to a final judgment, *see Arvizu v. Fernandez*, 183 Ariz. 224, 226-27 (App. 1995) ("To be appealable, a post-judgment order must fulfill two requirements. First, the issues raised by the appeal from the order must be different from those that would arise from an appeal from the underlying judgment. . . . [Second,] the order must either affect the judgment or relate to it by enforcing it or staying its execution.") (citations and quotations omitted).

¶15 By statute, the right of appeal is limited to a special order made "after final judgment." A.R.S. § 12-2101(A)(2); *see also Ruesga v. Kindred Nursing Centers, L.L.C.*, 215 Ariz. 589, 593 ¶ 11 (App. 2007) (noting that if the Legislature had intended the statute to apply to "'special orders' made after any and all 'judgments,' it presumably would have had no reason to instead use the phrase 'final judgment'") (citations omitted). Thus, for an order to be appealable as a "special order made after final judgment" under A.R.S. § 12-2101(A)(2), the court must have previously entered a "final judgment" pursuant to Rule 54(b) or 54(c). *See Ruesga*, 215 Ariz. at 593-94 ¶¶ 8-16 (ruling that because the superior court had not entered an order that disposed of any claim on the merits, it had not entered a final judgment and an order granting relief from the non-final judgment could not be considered a special order made after final judgment for purposes of

appellate jurisdiction). Although the "special order" must have been made after entry of a "final judgment," the statute does not require that the "special order" being appealed from must itself be a "final judgment."[6] Accordingly, it would be contrary to the statutory directive to require that, to be appealable under A.R.S. § 12-2101(A)(2), a "special order made after final judgment" comply with Rule 54(b) or 54(c). Thus, compliance with Rule 54(b) or 54(c) is not required for "any special order made after final judgment" to be appealable under A.R.S. § 12-2101(A)(2).[7]

---

[6] In fact, if the "special order" had to be a "final judgment" to be appealable, A.R.S. § 12-2101(A)(2) would be unnecessary, because the "special order" that is a "final judgment" would be appealable under A.R.S. § 12-2101(A)(1). Construing A.R.S. § 12-2101(A)(2) in such a manner would run counter to statutory construction principles. *See Sharpe v. Ariz. Health Care Cost Containment Sys.*, 220 Ariz. 488, 497 ¶ 30 (App. 2009) ("One of the primary principles of statutory interpretation is not to construe statutes to give an absurd result"); *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 296 (2007) ("Each word, phrase, clause and sentence [of a statute] must be given meaning so that no part will be void, inert, redundant, or trivial.") (citation omitted).

[7] Case law reflects certain restrictions on the ability to appeal from a default judgment entered pursuant to Ariz. R. Civ. P. 55(b). *See Hirsch v. Nat'l Van Lines, Inc.*, 136 Ariz. 304, 311 (1983) ("Where a default judgment has been entered, the defaulting party's primary remedy is a motion for relief from the judgment pursuant to Ariz. R. Civ. P. 60. The general rule is that there is no appeal from a default judgment, although exceptions are recognized where the default was not authorized by Ariz. R. Civ. P. 55 or if there is a question regarding either personal or subject matter jurisdiction.") (citations omitted); *see also* 1A ARIZONA APPELLATE HANDBOOK § 3.3.1.8 at 3-21 to -22 (6th ed. 2015) (discussing appeals relating to defaults and default judgments). However, because a default judgment may be appealable under certain circumstances, *see, e.g.*, *Sears Roebuck & Co. v. Walker*, 127 Ariz. 432, 435-36 (App. 1980) (exercising appellate jurisdiction for appeal from default judgment entered as a sanction even though no motion to set aside had been filed), and a motion to set aside a judgment is not proper unless it seeks to set aside a final judgment, *Ruesga*, 215 Ariz. at 593-94 ¶¶ 8-16, the better practice would appear to be to include Rule 54(b) or 54(c) language, as applicable, in default judgments.

### D. Appeal From An Interlocutory Judgment Under A.R.S. § 12-2101(A)(6), (7) And (8).

¶16 Several subsections of § 12-2101(A) permit an appeal to this court from "interlocutory judgments" or other specified rulings that resolve some aspect of a claim:

> "[A]n interlocutory judgment that determines the rights of the parties and directs an accounting or other proceeding to determine the amount of the recovery." A.R.S. § 12-2101(A)(6).[8]

> "[A]n interlocutory judgment in any action for partition that determines the rights and interests of the respective parties, and directs partition to be made." A.R.S. § 12-2101(A)(7).

> "[A]ny interlocutory judgment, decree or order made or entered in actions to redeem real or personal property from a mortgage thereof or lien thereon, determining such right to redeem and directing an accounting." A.R.S. § 12-2101(A)(8).

¶17 This express statutory language provides that the specified interlocutory judgments and rulings may be appealed, notwithstanding their interlocutory status. *Bilke*, 206 Ariz. at 466 ¶ 18. Moreover, given their character, the superior court could not properly state that such interlocutory judgments and rulings were "final judgments" under Rule 54(b) or 54(c). Thus, compliance with Rule 54(b) or 54(c) is not required for the interlocutory judgments and specified rulings listed in A.R.S. § 12-2101(A)(6)-(8) to be appealable.

---

[8] For an interlocutory judgment to be appealable under A.R.S. § 12-2101(A)(6), "the superior court must expressly direct that the only issue remaining is the amount of recovery." 1A ARIZONA APPELLATE HANDBOOK § 3.3.1.1 at 3-7 (6th ed. 2015) (citing *Fields v. Oates*, 230 Ariz. 411, 415 ¶ 15 (App. 2012)).

E.      **Appeal From Specified Orders Under A.R.S. § 12-2101 (A)(3), (4), (5)(a)-(d), (10) And (11).**

¶18      The remaining subsections of A.R.S. § 12-2101(A) authorize appeals from orders on specified pre- or post-judgment requests for relief:

> "[A]ny order affecting a substantial right made in any action when the order in effect determines the action and prevents judgment from which an appeal might be taken." A.R.S. § 12-2101(A)(3).

> "[A] final order affecting a substantial right made in a special proceeding or on a summary application in an action after judgment." A.R.S. § 12-2101(A)(4).[9]

> "[A]n order . . . [g]ranting or refusing a new trial." A.R.S. § 12-2101(A)(5)(a).[10]

---

[9] *See also MCA Fin. Group v. Enter. Bank & Trust,* 236 Ariz. 490, 495 ¶ 11 (App. 2014) (stating A.R.S. § 12-2101(A)(4) "pertains to two separate types of final orders: (1) one 'affecting a substantial right made in a special proceeding;' and (2) a final order made 'on a summary application in an action after judgment'").

[10] Not every ruling on a motion for new trial, however, is appealable. "Although a denial of a motion for new trial generally is appealable pursuant to [A.R.S. § 12-2101(A)(5)(a)], we must look to the 'character of the proceedings which resulted in the order appealed from' to ascertain [appellate] jurisdiction in any particular case." *Maria v. Najera*, 222 Ariz. 306, 308 ¶ 9 (App. 2009) (citation omitted); *see also id.* at 308 ¶ 10 (noting A.R.S. § 12-2101(A)(5)(a) "does not grant appellate jurisdiction over the denial of a motion for new trial directed at a non-final partial summary judgment"). Apart from new trial rulings, although A.R.S. § 12-2101(A)(5)(a) also states an order "granting a motion in arrest of judgment" is appealable, such motions were abolished in 1973 with the adoption of the Arizona Rules of Criminal Procedure in deference to a motion to vacate judgment. *See State v. Hickle*, 129 Ariz. 330, 332 (1982); Ariz. R. Crim. P. 24.2(a) cmt. ("The motion in arrest of judgment is abolished in these rules as a separate procedural device.").

"[A]n order . . . [g]ranting or dissolving an injunction, or refusing to grant or dissolve an injunction or appointing a receiver." A.R.S. § 12-2101(A)(5)(b).

"[A]n order . . . [d]issolving or refusing to dissolve an attachment or garnishment." A.R.S. § 12-2101(A)(5)(c).

"[A]n order . . . [g]ranting or denying a petition to restore a person's right to possess a firearm pursuant to [A.R.S. §] 13-925." A.R.S. § 12-2101(A)(5)(d).

"[A]n order or judgment: (a) Adjudging a person insane or incompetent, or committing a person to the state hospital[; or] (b) Revoking or refusing to revoke an order or judgment adjudging a person insane or incompetent, or restoring or refusing to restore to competency any person who has been declared insane or incompetent." A.R.S. § 12-2101(A)(10).

"[A]n order or judgment made and entered on habeas corpus proceedings." A.R.S. § 12-2101(A)(11).[11]

¶19 The express statutory language provides that the specified orders and non-final judgments may be appealed, notwithstanding their interlocutory nature. Moreover, given their character, the superior court could not properly state that such orders and non-final judgments were "final judgments" under Rule 54(b) or 54(c). Thus, compliance with Rule 54(b) or 54(c) is not required for the rulings specified in A.R.S. § 12-2101(A)(3), (4), (5)(a)-(d), (10) and (11) to be appealable.

---

[11] The statute also specifies who can take the appeal in habeas corpus proceedings, *see* A.R.S. § 12-2101(A)(11)(a) and (b), an issue not relevant here.

**F.    Appeal From Rulings Regarding Arbitration Proceedings Under A.R.S. § 12-2101.01.**

¶20    Separate and apart from the provisions of A.R.S. § 12-2101, A.R.S. § 12-2101.01(A) states that "[a]n appeal may be taken from any of the following:"

> 1.    An order denying an application to compel arbitration made under [A.R.S. §§] 12-1502 or 12-3007.

> 2.    An order granting an application to stay arbitration made under [A.R.S. §§] 12-1502 or 12-3007.

> 3.    An order denying confirmation of an [arbitration] award.

> 4.    An order modifying or correcting an [arbitration] award.

> 5.    An order vacating an [arbitration] award without directing a rehearing.

> 6.    A judgment or decree entered pursuant to chapter 9 [Special Actions and Proceedings to Enforce Claims or Judgments, A.R.S. §§ 12-1501 to -1708] or 21 [Revised Uniform Arbitration Act, A.R.S. §§ 12-3001 to -3029] of this title.

¶21    This express statutory language provides that the specified orders and non-final judgments may be appealed, notwithstanding their interlocutory status, similar to the specially appealable orders and non-final judgments listed in A.R.S. § 12-2101(A)(2)-(8) and (10)-(11). *Accord Bilke*, 206 Ariz. at 466 ¶ 18. Moreover, given their character, the superior court could not properly state that such orders and non-final judgments were "final judgments" under Rule 54(b) or 54(c). Thus, compliance with Rule 54(b) or 54(c) is not required for the rulings specified in A.R.S. § 12-2101.01(A) to be appealable.

### G. Appeal From The Certification Or Refusal To Certify A Class Action Under A.R.S. § 12-1873(A).

¶22 "The court's certification or refusal to certify a class action is appealable in the same manner as a final order or judgment." A.R.S. § 12-1873(A); *accord* Ariz. R. Civ. P. 23(f). Enacted in 2013, this statute effectively overruled that portion of *Garza v. Swift Transportation Co., Inc.*, holding that an order denying a motion for class certification could not be appealed under A.R.S. § 12-2101(A)(3). 222 Ariz. 281, 285-86 ¶¶ 22-26 (2009). With A.R.S. § 12-1873(A), as with several of the subsections of A.R.S. § 12-2101(A) discussed above, the Legislature directs that a specific type of interlocutory ruling is appealable even though it may not fully resolve any claim. *See Bilke*, 206 Ariz. at 466 ¶ 18. Moreover, given their character, the superior court could not properly state that such rulings were "final judgments" under Rule 54(b) or 54(c). Thus, compliance with Rule 54(b) or 54(c) is not required for the rulings specified in A.R.S. § 12-1873(A) to be appealable.

### H. Appeal From The Resolution Of An Action To Review An Administrative Decision Under A.R.S. § 12-913.

¶23 "The final decision, order, judgment or decree of the superior court entered in an action to review a decision of an administrative agency may be appealed to the supreme court." A.R.S. § 12-913. "Despite this allowance of an appeal to the 'supreme court,' the statute has been construed as also allowing an appeal to the court of appeals, which was created after § 12-913 was enacted." *Svendsen v. Ariz. Dep't of Transp.*, 234 Ariz. 528, 533 ¶ 13 (App. 2014). This statute authorizes appellate jurisdiction for "final" decisions, orders, judgments or decrees issued by the superior court for judicial review of administrative decisions under Arizona's Administrative Review Act. A.R.S. §§ 12-901 to -914. Absent compliance with Rule 54(b) or 54(c), such rulings are not final. Accordingly, absent compliance with Rule 54(b) or 54(c), a final decision, order, judgment or decree entered by a superior court in an action to review an administrative agency's decision is not appealable under A.R.S. § 12-913.

## III. Application To These Consolidated Appeals.

¶24 These consolidated appeals concern various assertions of appellate jurisdiction under a subsection of A.R.S. § 12-2101(A) other than (A)(1), or under another statute. None of the orders being appealed in these cases was entered pursuant to Rule 54(b) or Rule 54(c). Accordingly, application of the principles discussed above determines whether this court has appellate jurisdiction in each appeal. *See Maria v. Najera*, 222 Ariz. 306,

308 ¶ 9 (App. 2009) ("[W]e must look to the character of the proceedings which resulted in the order appealed from to ascertain jurisdiction in any particular case.") (citation omitted).

¶25       In *Brumett v. MGA Home Healthcare, L.L.C.*, 1 CA-CV 15-0047, appellants appeal an order granting a motion for new trial, entered after jury verdict, claiming appellate jurisdiction under A.R.S. § 12-2101(A)(5)(a). *See Carter v. Pain Ctr. of Ariz., P.C.*, 1 CA-CV 14-0672, WL 2647711, at *2 ¶ 5 (Ariz. App. May 10, 2016) (exercising jurisdiction under A.R.S. § 12-2101(A)(5)(a) for denial of motion for new trial after jury verdict). Accordingly, compliance with Rule 54(b) or 54(c) was not required and this court has appellate jurisdiction.

¶26       In *Turley v. Beus*, 1 CA-CV 15-0107, appellants appeal an order denying a motion to compel arbitration, claiming appellate jurisdiction under A.R.S. § 12-2101.01(A)(1). Accordingly, compliance with Rule 54(b) or 54(c) was not required and this court has appellate jurisdiction.

¶27       In *Boser v. Ware*, 1 CA-CV 15-0127, appellant appeals an order exonerating a bond following entry of a final judgment, claiming appellate jurisdiction under A.R.S. § 12-2101(A)(2). Accordingly, compliance with Rule 54(b) or 54(c) was not required and this court has appellate jurisdiction.

¶28       In *Taylor v. Bucks Financial, L.L.C.*, 1 CA-CV 15-0249, appellants appeal an order denying their request for a preliminary injunction, claiming appellate jurisdiction under A.R.S. § 12-2101(A)(5)(b). Accordingly, compliance with Rule 54(b) or 54(c) was not required and this court has appellate jurisdiction.

¶29       In *Double AA Builders, Ltd. v. Preferred Contractors Insurance Co., L.L.C.*, 1 CA-CV 15-0375, appellant appeals an order directing an accounting, claiming appellate jurisdiction under A.R.S. § 12-2101(A)(6). Accordingly, compliance with Rule 54(b) or 54(c) was not required and this court has appellate jurisdiction.

¶30       In *Romero v. Hasan*, 1 CA-CV 15-0508, appellant appeals an order dismissing his complaint without prejudice for failure to comply with A.R.S. § 12-2603, requiring a "preliminary expert opinion affidavit" in a medical malpractice case, where appellate jurisdiction may exist under

A.R.S. § 12-2101(A)(3). Accordingly, compliance with Rule 54(b) or 54(c) was not required and this court has appellate jurisdiction.[12]

¶31      In *Riverbend Homeowners Ass'n v. Edwards*, 1 CA-CV 15-0513, appellant appeals an order for a continuing lien and denial of its request for attorneys' fees after entry of a final judgment, where appellate jurisdiction may exist under A.R.S. § 12-2101(A)(2). Accordingly, compliance with Rule 54(b) or 54(c) was not required and this court has appellate jurisdiction.

¶32      In *Bonelli v. Olson*, 1 CA-CV 15-0624, appellant appeals an order denying his Rule 60(c) motion to set aside judgment, claiming appellate jurisdiction under A.R.S. § 12-2101(A)(2). Because the underlying judgment, a dismissal without prejudice for failure to timely serve the defendant, was not a final judgment and did not contain Rule 54(b) or 54(c) language, the order denying the Rule 60(c) motion is not a special order made after final judgment, meaning this court lacks appellate jurisdiction under A.R.S. § 12-2101(A)(2). *Ruesga,* 215 Ariz. at 593-94 ¶¶ 8-16 (ruling that because the superior court had not entered a final judgment, its subsequent order granting relief from judgment could not be considered a special order made after final judgment for purposes of appellate jurisdiction). Moreover, the superior court expressly stated that appellant failed to show that his claims would be barred by the statute of limitations if dismissed without prejudice for failure to timely serve defendant. Therefore, the underlying dismissal without prejudice could not be a final judgment. *See, e.g., Kool Radiators, Inc. v. Evans,* 229 Ariz. 532, 534 ¶ 8 (App. 2012) (noting dismissal

---

[12] *Cf. Gorney v. Meaney*, 214 Ariz. 226 (App. 2007) (exercising appellate jurisdiction over summary judgment ruling dismissing medical malpractice claim for failing to comply with A.R.S. § 12-2603). Moreover, although noting A.R.S. § 12-2603(F) mandates dismissal without prejudice, the superior court stated "[i]t appears that the statute of limitations may have run. By dismissing this case 'without prejudice', the court in no way intends to suggest that the statute of limitations will not bar plaintiff from successfully refiling his claim." Although a dismissal without prejudice is not appealable when it "is not a final determination of the controversy on its merits, and is no bar to the prosecution of another suit timely commenced, founded upon the same cause of action," *State ex rel. Hess v. Boehringer,* 16 Ariz. 48, 51 (1914), where it appears the statute of limitations for the cause of action has expired, a dismissal without prejudice may be appealable pursuant to A.R.S. § 12-2101(A)(3), *see Garza*, 222 Ariz. at 284 ¶ 15 ("The classic example of an order falling under § 12–2101[(A)(3)] is a dismissal without prejudice entered after the statute of limitations has run.").

without prejudice that does not preclude further litigation "is not a final, appealable order") (citing cases); *McMurray v. Dream Catcher USA, Inc.*, 220 Ariz. 71, 74 ¶4 (App.2009) (noting dismissal without prejudice, where no claim was made that "the statute of limitations barred the refiling of any of the claims," is "not a final judgment") (citing cases); *see also supra* n.12. Accordingly, this court lacks appellate jurisdiction, continuing the stay and revesting jurisdiction with the superior court could not result in this court having appellate jurisdiction and, therefore, the appeal is dismissed.

¶33        In *Angelo v. Stewart Title & Trust of Phoenix, Inc.*, 1 CA-CV 15-0689, appellants appeal an order denying class certification, claiming appellate jurisdiction under A.R.S. § 12-2101(A)(1) and A.R.S. § 12-1873(A). Because the class certification order is independently appealable pursuant to § 12-1873(A), compliance with Rule 54(b) or 54(c) was not required and this court has appellate jurisdiction.

¶34        In *Erlick v. Davis*, 1 CA-CV 15-0728, appellant appeals an order resolving a probate court petition, where appellate jurisdiction may exist under A.R.S. § 12-2101(A)(9). Because compliance with Rule 54(b) or 54(c) was required, but the order does not comply with either procedural rule, this court lacks appellate jurisdiction. *See Madrid,* 236 Ariz. at 224 ¶ 11. Accordingly, the stay in this case is continued and jurisdiction is re-vested in the superior court to allow it to consider appellant's application that the superior court enter an order resolving the petition that complies with Rule 54(c). *See* ARCAP 3(b).[13]

¶35        In *AEA Federal Credit Union v. Yuma Funding, Inc.*, 1 CA-CV 15-0753, appellant appeals an order quashing an injunction, claiming appellate jurisdiction under A.R.S. § 12-2101(A)(5)(b). Accordingly, compliance with Rule 54(b) or 54(c) was not required and this court has appellate jurisdiction.

¶36        In *ABC Sand and Rock Company, Inc. v. Flood Control District of Maricopa County*, 1 CA-CV 16-0294, appellant appeals the superior court's order affirming as modified an administrative agency decision, where

---

[13] Although the superior court may have the discretion to certify the order as a final judgment under Rule 54(b), this court lacks jurisdiction to stay and remand for consideration of certification under Rule 54(b). *See Madrid*, 236 Ariz. at 224 ¶ 10 ("[W]here an appeal is taken from a putative Rule 54(b) judgment and there is a Rule 54(b) deficiency, this court lacks jurisdiction to suspend the appeal to allow the superior court to consider entering a Rule 54(b) judgment.") (citing *Pulaski*, 127 Ariz. at 218-19).

appellate jurisdiction may exist under A.R.S. § 12-913. Because compliance with Rule 54(b) or 54(c) was required, but the order does not comply with either procedural rule, this court lacks appellate jurisdiction. *Madrid,* 236 Ariz. at 224 ¶ 11. Accordingly, the stay in this case is continued and jurisdiction is re-vested in the superior court to allow it to consider appellant's application that the superior court enter an order resolving the petition that complies with Rule 54(c). *See* ARCAP 3(b).

## CONCLUSION

¶37          In accordance with these rulings, by separate orders, the consolidation of these appeals is now vacated and each separate appeal will be either reinstated, dismissed or jurisdiction is re-vested in the superior court.



Ruth A. Willingham · Clerk of the Court
FILED: jt