NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

HERITAGE VILLAGE II HOMEOWNERS' ASSOCIATION, an Arizona
non-profit corporation, *Plaintiff/Appellee*,

*v.*

RICHARD WEINBERG and LAINE WEINBERG, husband and wife,
*Defendants/Appellants.*

No. 1 CA-CV 15-0547
FILED 3-9-2017

Appeal from the Superior Court in Maricopa County
No.  CV2014-009229
The Honorable J. Richard Gama, Judge, *Retired*

**APPEAL DISMISSED**

COUNSEL

Freeman Law, PLLC, Scottsdale
By Shelton L. Freeman, B. Kathleen Gilbertson
*Counsel for Plaintiff/Appellee*

Mandel Young, PLC, Phoenix
By Taylor C. Young, Ellen B. Davis
*Counsel for Defendants/Appellants*

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Margaret H. Downie and Judge James P. Beene joined.

**J O H N S E N**, Judge:

**¶1** Richard and Laine Weinberg appeal from a judgment awarding attorney's fees and costs to Heritage Village II Homeowners' Association. For the following reasons, we dismiss the appeal for lack of jurisdiction.

## FACTS AND PROCEDURAL BACKGROUND

**¶2** In July 2014, Heritage sued the Weinbergs, seeking declaratory relief and alleging breach of contract and breach of the covenant of good faith and fair dealing in connection with the demolition of their home and construction of a new home on a lot governed by certain covenants, conditions, and restrictions ("CC&Rs"). Heritage also filed an application for an order to show cause, seeking a declaratory judgment entitling Heritage to (1) stop all construction activity, (2) access the lot to conduct a survey, (3) remove the structure on the lot, (4) restore the lot to its prior condition, and (5) reimburse its costs and expenses in bringing the action.

**¶3** After a three-day evidentiary hearing, the superior court entered a signed minute entry granting Heritage declaratory relief. The court found the Weinbergs had violated the CC&Rs and directed them to bring the structure into compliance with the CC&Rs. The court ordered the parties to meet and confer to determine what remedial measures were necessary, submit a status report, and, if they could not agree, submit separate proposed remedial orders, after which the court would enter "further and final orders in this matter." Finally, the court awarded attorney's fees to Heritage and directed it to submit an affidavit of fees and statement of costs.

**¶4** The Weinbergs timely appealed from the order. This court granted Heritage's motion to dismiss the appeal for lack of jurisdiction, pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101 (2017), concluding (1) there was no final judgment because claims remained to be decided and the order was not certified under Arizona Rule of Civil

Procedure 54(b), *see* § 12-2101(A)(1); and (2) the order was not appealable under § 12-2101(5)(b) because the superior court did not grant or deny injunctive relief.[1]

**¶5**        In the meantime, the parties continued to litigate the "remedial measures" issue in the superior court.  The court eventually entered a signed minute entry setting forth the remedial measures necessary to bring the lot into compliance with the CC&Rs.  In that order, the court specifically retained jurisdiction "to determine compliance with this Order and enter such other orders and relief as may be needed to effectuate the rulings of this Court."

**¶6**        Shortly thereafter, the superior court entered a signed judgment awarding Heritage more than $111,000 in attorney's fees and $3,900 in costs.  The court certified this "Attorney's Fees Judgment" as final pursuant to Rule 54(b) but ordered that it was "without prejudice to Plaintiff to seek additional fee awards in this proceeding."

**¶7**        The Weinbergs timely appealed the Attorney's Fees Judgment, but they challenge this court's jurisdiction to consider the appeal.[2]

## DISCUSSION

**¶8**        This court's appellate jurisdiction is purely statutory.  Ariz. Const. art. 6, § 9; *Garza v. Swift Transp. Co.*, 222 Ariz. 281, 283, ¶ 12 (2009). Any decision this court renders in excess of its statutory jurisdiction is a nullity.  *State v. Avila*, 147 Ariz. 330, 334 (1985).

## A.        A.R.S. § 12-2101(A)(1).

**¶9**        An appeal may be taken only from a "final judgment," which generally is a judgment that disposes of all claims and parties.  A.R.S. § 12-

---

[1]        The Arizona Rules of Civil Procedure were revised effective January 1, 2017, to reflect comprehensive stylistic and substantive changes.  We cite the versions of rules in effect at the time of the events at issue.  We cite the current version of a statute when no revision material to this decision has since occurred.

[2]        The Weinbergs moved to dismiss the appeal, arguing the superior court's Rule 54(b) certification was improper.  Department M of this court denied the motion without prejudice to reconsideration by the merits panel.

2101(A)(1); *Kim v. Mansoori*, 214 Ariz. 457, 459, ¶ 6 (App. 2007). Rule 54(b) permits the superior court to certify as "final" a judgment that disposes of fewer than all claims or parties. *Brumett v. MGA Home Healthcare, L.L.C.*, 240 Ariz. 420, 426, ¶ 5 (App. 2016). Although a Rule 54(b) judgment is immediately appealable, *Madrid v. Avalon Care Ctr. Chandler, L.L.C.*, 236 Ariz. 221, 224, ¶ 8 (App. 2014), we lack jurisdiction if the certification is not "substantively warranted," *Southwest Gas Corp. v. Irwin ex rel. County of Cochise*, 229 Ariz. 198, 202, ¶ 12 (App. 2012); *Davis v. Cessna Aircraft Corp.*, 168 Ariz. 301, 304 (App. 1991). We review for an abuse of discretion the court's certification under Rule 54(b), but whether a judgment is "final" is a question of law we review *de novo*. *Southwest Gas*, 229 Ariz. at 201, ¶ 7.

**¶10**　　　　The Weinbergs argue the superior court erred in certifying the Attorney's Fees Judgment as final. We agree. The superior court may not certify a judgment unless it is, in fact, "final," that is, "an ultimate disposition of an individual claim." *Davis*, 168 Ariz. at 304 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). The Attorney's Fees Judgment, however, did not dispose of a separate "claim" for attorney's fees. *See Davis*, 168 Ariz. at 304. Moreover, a request for attorney's fees may be considered a separate claim only in the context of a "related judgment regarding the merits of a cause." *Kim*, 214 Ariz. at 460-61, ¶¶ 9-10; *see also Britt v. Steffen*, 220 Ariz. 265, 269-70, ¶¶ 19-20 (App. 2008).

**¶11**　　　　Further, as the Weinbergs argue, a signed order is not properly certified pursuant to Rule 54(b) when the appellate court would be required to review the issue again in a subsequent appeal. *Southwest Gas*, 229 Ariz. at 202, ¶ 12. Under that principle, the Rule 54(b) certification of the Attorney's Fees Judgment is invalid. The premise of the Attorney's Fees Judgment is that Heritage prevailed on the merits of its claim for declaratory relief. But the merits of the declaratory relief claim, along with the merits of the remaining claims that are still to be resolved, will be subject to appellate review upon entry of a final judgment.

**¶12**　　　　Heritage argues we have jurisdiction because the order the court issued requiring the parties to meet and confer about remedial measures is a "final" judgment. A.R.S. § 12-1831 (2017) (order granting declaratory relief "shall have the force and effect of a final judgment or decree"). But that order did not finally dispose of any claim, and the court did not certify it under Rule 54(b). Heritage cites no authority, nor have we found any, to suggest that the finality requirement does not apply to all judgments appealable under § 12-2101(A)(1). *See generally Brumett*, 240 Ariz. at 427-28, ¶ 12.

4

**B.      A.R.S. § 12-2101(A)(6).**

**¶13**          Heritage argues we have jurisdiction pursuant to A.R.S. § 12-2101(A)(6), which allows for the appeal of a non-final judgment "that determines the rights of the parties and directs an accounting or other proceeding to determine the amount of the recovery." *See Bilke v. State,* 206 Ariz. 462, 466, ¶ 18 (2003) (construing statutory predecessor to § 12-2101(A)(6)); *see also Brumett,* 240 Ariz. at 429, ¶ 17 (compliance with Rule 54(b) or 54(c) is not required for a judgment to be appealable under § 12-2101(A)(6)). But for a non-final judgment to be appealable under subsection (A)(6), the superior court must determine that an interlocutory appeal "should lie" and "the only issue remaining is the amount of recovery." *Bilke,* 206 Ariz. at 467-68, ¶¶ 23, 28. The court made no such findings in this case.

## CONCLUSION

**¶14**          For the foregoing reasons, we dismiss this appeal for lack of jurisdiction. We decline Heritage's suggestion that we accept review of the Attorney's Fees Judgment as a special action.



AMY M. WOOD • Clerk of the Court
FILED:  AA