EPPICH, Judge:
¶ 1 Noah Sensibar appeals from the superior court's ruling affirming the Tucson City Court's finding that he had violated the Tucson City Code (TCC). He argues that the municipal ordinance in question is facially invalid because it conflicts with a state statute shielding members or agents of a limited liability corporation from personal liability. Because his appeal is untimely, we dismiss for lack of jurisdiction.
Factual and Procedural Background
¶ 2 In February 2015, the City of Tucson filed a complaint in city court alleging Sensibar, the managing member and statutory agent of Blue Jay Real Estate LLC, an Arizona corporation, was responsible for building code violations. In May of that year, after a hearing, the city court found Sensibar responsible and he timely appealed that decision to the superior court. On January 4, 2016, the superior court affirmed the city court's ruling and denied Sensibar's motion for rehearing on February 5, 2016.
¶ 3 Sensibar filed a notice of appeal on February 8, 2016. We determined that we lacked jurisdiction and dismissed the appeal as untimely. City of Tucson v. Sensibar , No. 2 CA-CV 2016-0051, ¶ 4, 2016 WL 5899737 (Ariz. App. Oct. 11, 2016) (mem. decision). We also declined Sensibar's request that we exercise special-action jurisdiction. Id. ¶ 5. In October 2016, we denied Sensibar's motion for reconsideration and our mandate issued on January 17, 2017.
¶ 4 On March 23, 2017, Sensibar asked the superior court to amend its January 2016 ruling to include language pursuant to Rule 54(c), Ariz. R. Civ. P. On April 17, 2017, the superior court entered an amended order finding that "all matters asserted in this action requiring resolution before entry of final judgment were resolved by this Court according to this Court's Ruling dated January 4, 2016...." Sensibar filed a second notice of appeal on April 20, 2017.
Jurisdiction
¶ 5 The city argues that Sensibar's instant appeal is untimely, citing our prior decision dismissing his first appeal. Sensibar counters that the superior court's original ruling was not appealable as a final order due to its lack of Rule 54 language. In effect, he contends his first notice of appeal was premature and we therefore erred in finding that it was filed after the time to appeal had expired. The city disagrees, contending Rule 54(c) language is unnecessary to render the superior court's ruling appealable.
*698 ¶ 6 Under the Arizona Rules of Civil Procedure, a judgment is not final unless the court expressly indicates its finality as provided in Rule 54. When appellate jurisdiction is premised upon A.R.S. § 12-2101(A)(1), a judgment must contain Rule 54(b) or (c) language in order to be appealable. Brumett v. MGA Home Healthcare, L.L.C. , 240 Ariz. 420, ¶ 1, 380 P.3d 659 (App. 2016). When there is an independent statutory basis for appeal, however, Rule 54 language is not always a prerequisite to the appeal of a superior court ruling. Id. ¶ 11. Whether Rule 54 language is necessary depends on whether the independent basis for appeal requires the court's ruling to comply with Rule 54. Compare id. ¶ 13 (compliance with Rule 54 required insofar as Rules of Probate Procedure incorporate Rules of Civil Procedure unless inconsistent), with id. ¶ 15 (compliance with Rule 54 would be contrary to statutory directive and is not required).
¶ 7 This court's jurisdiction to consider this matter is governed by A.R.S. § 22-375, which provides that an appeal may be taken "from a final judgment of the superior court" in an action appealed from a lower court if the action involves, inter alia, the validity of a municipal statute. Because our jurisdiction to consider Sensibar's claim is not found in § 12-2101(A)(1), Rule 54 language is not necessarily required to render the superior court's decision appealable. See Brumett , 240 Ariz. 420, ¶ 11, 380 P.3d 659. However, we must determine whether Rule 54 language is nonetheless required to render the superior court's decision an appealable final judgment under § 22-375.
¶ 8 Civil appeals from municipal courts to the superior court are governed by the Superior Court Rules of Appellate Procedure-Civil.[1] Rule 1(c), Ariz. Super. Ct. R. App. P.-Civ., provides that "[t]he Arizona Rules of Civil Procedure and Local Rules of Practice in the Superior Courts shall govern the proceedings before the Superior Court where no rule is specified herein, and insofar as such rules are practicable." Rule 12(c), Ariz. Super. Ct. R. App. P.-Civ., specifies the manner in which the superior court may issue an appellate ruling and the form of its "decision." It contains no reference to the Rules of Civil Procedure, and instead directs the court to "make its ruling in writing" and provides instruction on how that ruling is to be transmitted to the trial court and parties. See id. In contrast, Rule 12(d) specifies that "[a]ll judgments shall be entered" in accordance with Rule 58, Ariz. R. Civ. P., and "[e]xecution may thereafter proceed" as provided by the Rules of Civil Procedure.
¶ 9 Although the Rules of Civil Procedure presumptively apply to proceedings under the Superior Court Rules of Appellate Procedure-Civil, the inclusion in Rule 12(c) of a separate procedure for the superior court to render its appellate "decision" indicates an exception to the general rule of applicability. See Ariz. Super. Ct. R. App. P.-Civ. 1(c), 12(c). Otherwise, there would be no reason to distinguish between a "decision" and a "judgment" under Rule 12. Furthermore, it would not be practicable for the superior court to enter both a "judgment" and a "decision" in every case.[2] Therefore, when the superior court acts under *699 Rule 12(c), the Rules of Civil Procedure do not govern that aspect of the proceedings.
¶ 10 Having determined the Rules of Civil Procedure do not govern a decision under Rule 12(c), we must still determine whether the superior court's decision constitutes a "final judgment" for purposes of appeal to this court under § 22-375. The Arizona Rules of Civil Appellate Procedure govern civil appeals to the Arizona Court of Appeals and the Arizona Supreme Court. Rule 2, Ariz. R. Civ. App. P., defines a "judgment" as an appealable order that may be identified as a "judgment," "order," "decree," or by "another term." A decision issued pursuant to Rule 12(c), Ariz. Super. Ct. R. App. P.-Civ., falls within this definition. Thus, a decision under Rule 12(c) is an appealable final judgment under § 22-375.[3]
¶ 11 We therefore conclude that a superior court's decision issued pursuant to Rule 12(c), Ariz. Super. Ct. R. App. P.-Civ., does not require Rule 54, Ariz. R. Civ. P., language to be appealable under § 22-375. Accordingly, Sensibar's first appeal was not premature, but untimely filed and properly dismissed. Having already determined this court lacks jurisdiction to consider Sensibar's untimely appeal, Sensibar , No. 2 CA-CV 2016-0051, ¶4, we dismiss his second appeal for lack of jurisdiction.[4]
Disposition
¶ 12 For the foregoing reasons, the appeal is dismissed.

The court in Brumett held, in part, that Rule 54 language is required to render appealable superior court decisions involving review of administrative agency decisions under A.R.S. § 12-913. 240 Ariz. 420, ¶ 23, 380 P.3d 659. On its face, that holding tends to support Sensibar's argument. However, although the Rules of Civil Procedure presumptively apply to proceedings under the Superior Court Rules of Appellate Procedure-Civil, they presumptively do not apply to proceedings under the Rules of Procedure for Judicial Review of Administrative Decisions (JRAD). See A.R.S. § 12-914 ; Ariz. Super. Ct. R. App. P.-Civ. 1(c); JRAD Rule 1(b). We see nothing in those rules that indicates the Rules of Civil Procedure apply to the resolution of an action to review an administrative decision under § 12-913. See generally JRAD. Accordingly, we question the decision in Brumett insofar as it requires Rule 54 language as a prerequisite to appeal with respect to administrative decisions.

Rule 12(c), by its own terms, only applies where the superior court renders a "decision" in its appellate capacity. While the trial court generally enters a "judgment" as contemplated by Rule 12(d), the superior court, conducting a trial de novo on appeal, may also be asked to enter a "judgment." See A.R.S. § 22-374 ; Ariz. Super. Ct. R. App. P.-Civ. 7(e). That situation is not present here, and we do not reach the question whether the superior court's compliance with Rule 54, Ariz. R. Civ. P., would be required in such circumstances.

We also question the propriety of Sensibar's application to the superior court for Rule 54 language following our dismissal and mandate in his misguided effort to breathe new life into his appeal. The proper approach would have been to file a timely motion for reconsideration with this court, to afford us an opportunity to decide whether Rule 54 language was required. He then would have been able to petition the supreme court for review of any adverse ruling.

Sensibar also renews his request that we consider accepting special-action jurisdiction with respect to several of his claims. We declined to do so when he filed his first appeal, Sensibar , No. 2 CA-CV 2016-0051, ¶ 5, and see no reason to revisit that decision.